Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
DOUGLAS KIRKLAND

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>                                 Plaintiff,<br><br>v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL, KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART LLC fdba KFIR MOYAL ART GALLERY INC.,<br><br>                                 Defendants. | **Case No.:  2:20-cv-01374**<br><br>**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

### AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT
### (INJUNCTIVE RELIEF DEMANDED)

1

Plaintiff DOUGLAS KIRKLAND by and through his undersigned counsel, brings this Complaint against Defendants NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL, KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART LLC fdba KFIR MOYAL ART GALLERY INC. for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff DOUGLAS KIRKLAND ("Kirkland") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Kirkland's original copyrighted Work of authorship in his Work.

2. Kirkland joined Look Magazine in his early twenties, and later Life Magazine during the golden age of 60's/70's photojournalism. His assignments included essays on Greece, Lebanon, and Japan, as well as fashion and celebrity work, photographing Marilyn Monroe, Elizabeth Taylor, Marlene Dietrich and many others. Kirkland's fine art photography has been exhibited all over the world. His exhibition "Freeze Frame" is now in the permanent collection of Academy of Motion Picture Arts and Sciences in Beverly Hills. His work is also in the permanent collections of the Smithsonian, the National Portrait Gallery in Canberra Austrailia, the National Portrait Gallery in London, the Eastman House in Rochester, the Houston Center for Photography, and the Annenberg Space for Photography in Los Angeles.

3. Defendant THE COOL HEART, LLC ("TCH") is an art gallery located in Beverly Hills, California. TCH is the owner and operate of a website located at the URL www.thecoolheart.com (the "Website"). TCH is promoting a gallery event at the Sofitel in Beverly Hills on its Website using Kirkland's Work.

4. Defendant NAUSICAA RAMPONY ("Rampony") is the owner of TCH.

5. Defendant KFIR MOYAL ("Moyal") is an artist and art gallery owner who creates pop-art.

6. Defendant KFIR MOYAL ART GALLERY INC. ("KMAGI") is the art gallery owned and operated by Moyal. Both Moyal and KMAGI were parties to a related matter filed in the United States District Court for the Southern District of Florida.

7. Defendant KFIR MOYAL ART LLC ("KMAL") is the current art gallery owned and operated by Moyal.

8. Defendants Moyal, KMAGI, KMAL, TCH and Rampony and are collectively referred to herein as "Defendants."

9. Kirkland alleges that Defendants copied Kirkland's copyrighted Work from the internet in order to advertise, market and promote its business activities. Defendants committed the violations alleged in connection with Defendants' business for purposes of advertising and promoting sales to the public in the course and scope of the Defendants' business.

## JURISDICTION AND VENUE

10. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

11. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

12. Defendants are subject to personal jurisdiction in California.

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

14. The Cool Heart, LLC is a California limited liability company, with its principal place of business at 9663 Santa Monica Boulevard, #1150, Beverly Hills, California, 90210, and can be served by serving its Registered Agent, Nausicaa Rampony at the same address.

15. Nausicaa Rampony is an individual residing in the county of Los Angeles, state of California, and can be served at her address of 9663 Santa Monica Boulevard, #1150, Beverly Hills, California, 90210.

16. Kfir Moyal is an individual residing in Miami-Dade county, state of Florida and can be served at 121 NW 47th Street, Miami, FL 33127,

17. Kfir Moyal Art Gallery Inc. is a Florida Corporation, with its principal place of business at 2800 Biscayne Boulevard, Suite 400, Miami, Florida, 33137, and can be served by serving its Registered Agent, Brian Przystup & Associates, LLC, 2800 Biscayne Boulevard, Suite 400, Miami, Florida, 33137.

18. Kfir Moyal Art LLC is a Florida limited liability company, with its principal place of business at 729 NW 47th Street, Miami, Florida, 33127, and can be served by serving its Registered Agent, Brian Przystup & Associates, LLC, 2800 Biscayne Boulevard, Suite 400, Miami, Florida, 33137.

## THE COPYRIGHTED WORK AT ISSUE

19. Kirkland created the photograph of Brigette Bardot which is shown below and referred to herein as the "Work".



20. The Work was registered with the Register of Copyrights on July 22, 2019 and issued a certificate of registration VA 2-177-776 a copy of which is attached as Exhibit 1.

23. At all relevant times Kirkland was the owner of the copyrighted Work at issue in this case.

## PRIOR INFRINGEMENT JUDGMENT AGAINST KMAGI

24. On or about September 1, 2017, Kirkland discovered Moyal had copied the Work and was selling unauthorized derivatives of the Work on his website at www.kfirmoyal.com.

25. Kirkland filed a lawsuit against KMAGI on January 22, 2019, entitled *Douglas Kirkland v. Kfir Art Gallery Inc.*, Case Number 1:19-cv-20293-DPG, in the United States District Court for the Southern District of Florida (the "Florida Lawsuit").

26. The copies made and sold by KMAGI without authorization that were infringing are shown in Exhibit 2 attached hereto.

27. On September 17, 2019, the court entered judgment against KMAGI for copyright infringement and awarded Kirkland damages, attorneys' fees and costs in the amount of $204,787. The judgment against KMAGI is attached hereto as Exhibit 3.

28. Despite having had judgment for copyright infringement entered against his company, Moyal and KMAGI have continued to infringe upon Kirkland's Work.

## INFRINGEMENT AT ISSUE IN THIS CASE

29. On or about February 10, 2020, Kirkland discovered that TCH and Rampony were displaying the unauthorized copy and derivative work at issue in the prior action on the TCH website, Instagram feed, and on Twitter.

30. TCH's Instagram videos also show the unauthorized copy and derivative work at issue in the prior action for sale on the wall at the TCH gallery.

31. None of the Defendants have never been licensed to use the Work at issue in this action for any purpose.

32. All the Defendants knew or should have known that their use of the Work constitutes infringement.

33. Defendants copied and distributed Kirkland's copyrighted Work in connection with Defendants' business for purposes of advertising and promoting Defendants' business, and in the course and scope of advertising and selling products and services.

34. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 4.

35. Kirkland never gave Defendants permission or authority to copy, distribute or display the Work at issue in this case.

# COUNT I
# COPYRIGHT INFRINGEMENT

36. Plaintiff incorporates the allegations of paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. Kirkland owns a valid copyright in the Work at issue in this case.

38. Kirkland registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

39. Defendants copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Kirkland's authorization in violation of 17 U.S.C. § 501.

40. Defendants performed the acts alleged in the course and scope of its business activities.

41. Defendants' acts were willful.

42. Kirkland has been damaged.

43. The harm caused to Kirkland has been irreparable.

WHEREFORE, the Plaintiff prays for judgment against the Defendants Kfir Moyal, Kfir Moyal Art Gallery Inc., Kfir Moyal Art LLC fdba Kfir Moyal Art Gallery Inc., The Cool Heart, LLC, and Nausicaa Rampony that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b. Defendants be required to pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 25, 2020        Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW**
Attorneys for Plaintiff Douglas Kirkland