UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>    Plaintiff,<br><br>    v.<br><br>NAUSICAA RAMPONY *et al*.<br><br>    Defendants. | Case No.:  2:20-cv-1374-CBM-MAA(x)<br><br>**ORDER RE: PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT KFIR MOYAL [41]** |

The matter before the Court is Plaintiff Douglas Kirkland's Application for Default Judgment By Court (the "Application") as to Defendant Kfir Moyal ("Moyal").  (Dkt. No. 41.)

## I.   BACKGROUND

The operative complaint asserts one cause of action for copyright infringement pursuant to 17 U.S.C. § 101 *et seq*.  (Dkt. No. 21, First Amended Complaint "FAC").)  Plaintiff filed a proof of service demonstrating the Summons and FAC was served on Defendant Moyal on June 10, 2020.  (Dkt. No. 38.)  The clerk entered default against Moyal on July 16, 2020.  (Dkt. No. 40.)  Plaintiff served the instant Application on Moyal on August 25, 2020.  (Dkt. No. 41.)

   Based on the originally noticed hearing date, Moyal's opposition to the Application was due on September 1, 2020, but Moyal did not file an opposition. However, Moyal appeared at the noticed hearing on the Application on September 22, 2020 and stated he intended to file a motion to set aside the clerk's entry of default. (Dkt. No. 43.) Accordingly, the Court continued the hearing to November 10, 2020 to permit Moyal to file a motion to set aside the clerk's entry of default. (*Id*.) The Court subsequently granted Moyal's request for a 30-day continuance to retain counsel and continued the hearing to December 15, 2020. (Dkt. No. 49.) No substitution of counsel form was filed and no opposition to the Application or motion to set aside the clerk's entry of default was filed by Moyal.

   On December 15, 2020, Moyal appeared at the second hearing on the Application and stated that he had filed for bankruptcy. The Court took judicial notice of the bankruptcy petition filed by Moyal with the United States Bankruptcy Court for the Southern District of Florida, Case No. 20-22770-LMI (Dkt. No. 1), and on December 16, 2020, this case was automatically stayed as to Defendant Moyal. (Dkt. No. 56.) Because the bankruptcy petition was filed by Defendant Moyal in his individual capacity, this action was not automatically stayed as to Defendants The Cool Heart, LLC, Nausicaa Rampony, Kfir Moyal Art LLC and Kfir Moyal Art Gallery Inc.

   On November 20, 2020, the Court approved the stipulation to set aside the clerk's entry of default as to Defendants Nausicaa Rampony and The Cool Heart, LLC's, and denied the Application for default judgment as to those defendants. (Dkt. No. 52.) Defendants Nausicaa Rampony and The Cool Heart, LLC have filed an answer to the Complaint. (Dkt. Nos. 54, 55.) On December 17, 2020, the Court entered default judgment against Defendants Kfir Moyal Art Gallery Inc. and Kfir Moyal Art LLC fdba Kfir Moyal Art Gallery Inc. and in favor of Plaintiff in the

amount of $150,000 in statutory damages, $6,600 in attorneys' fees, and $1,191.08 in costs. (Dkt. No. 64.)

On January 28, 2021, Plaintiff filed a notice regarding a January 13, 2021 order issued by the United States Bankruptcy Court for the Southern District of Florida dismissing Moyal's bankruptcy case, Case No. 20-22770. (Dkt. No. 66.) Accordingly, the Court issued an order on February 2, 2021, lifting the stay as to Defendant Moyal, ordering Moyal to file a written opposition to the Application for Default Judgment or a motion to set aside the clerk's entry of default no later than February 12, 2021, setting the hearing on the Application for March 9, 2021, and notifying Moyal that "[a] failure to file an opposition or a motion to set aside the clerk's entry of default by February 12, 2021 shall result in entry of default judgment against Defendant Kfir Moyal and in favor of Plaintiff." (Dkt. No. 67.) No opposition to the Application or motion to set aside the clerk's entry of default was filed by Moyal.[1]

## II. DISCUSSION

Having considered the First Amended Complaint filed in this action, Plaintiff's Application, and the entire record in this case, the Court finds as follows:

1. Plaintiff filed evidence demonstrating Defendant Moyal is not an infant, incompetent person, or in military service.

2. To prove copyright infringement, a plaintiff must show: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are

---

[1] On February 16, 2021, Moyal filed a notice regarding retaining counsel. (Dkt. No. 69.) In light of the notice, on February 16, 2021, the Court ordered counsel for Moyal to file a substitution of counsel form and "file any requests counsel deems necessary in this action." (Dkt. No. 70.) On March 9, 2021, the date of the third hearing on the Application, counsel for Moyal filed a notice of appearance. Moyal's counsel appeared at the hearing and orally requested additional time to review the case. However, the Application was filed more than six months ago and the Court has provided Moyal with numerous extensions to file an opposition or motion to set aside the clerk's entry of default. Accordingly, the Court granted the Application for Default Judgment at the hearing and indicated counsel for Moyal may file any motions he deems necessary in this action.

original." *Folkens v. Wyland Worldwide, LLC*, 882 F.3d 768, 774 (9th Cir. 2018). Copying of constituent elements of the work can be shown by direct evidence of copying. *Id*. Here, the FAC alleges Plaintiff owns a valid copyright in the work at issue, a photograph of Brigette Bardot, and Defendant Moyal copied, displayed and/or distributed the work without Plaintiff's authorization. (FAC ¶¶ 19-20, 23, 28, 31-35, 37-39.) Therefore, the sufficiency of the allegations in the FAC and the merits of Plaintiff's copyright infringement claim favor granting the Application.

    3.    No dispute of material fact exists that would preclude entry of default judgment.

    4.    Plaintiff will likely be without further recourse for recovery if default judgment is not entered.

    5.    There is no evidence before the Court demonstrating Moyal's default resulted from excusable neglect.

    6.    Therefore, the Court finds the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), weigh in favor of entering default judgment against Defendant Moyal as to Plaintiff's copyright infringement claim.

    7.    The FAC alleges Defendant Moyal's infringement of Plaintiff's copyright was willful. (FAC ¶ 41.) The FAC also alleges the United States District Court for the Southern District of Florida entered judgment against Kfir Moyal Art Gallery Inc., which is owned and operated by Defendant Moyal, for copyright infringement against Plaintiff on September 17, 2019 as to the same work, and Defendants Moyal and Kfir Moyal Art Gallery Inc. have continued to infringe on Plaintiff's copyrighted work despite the prior judgment entered against them. (FAC ¶¶ 5-6, 24-28.) Therefore, the Court finds Defendant Moyal's infringement was willful. *See, e.g., Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 F. App'x 550, 552 (9th Cir. 2013) ("The district court's default judgment include[d] an implied finding of willfulness" where plaintiff "specifically pled that

the defendants engaged in continuing willful infringement of its copyrights.").

8. Under 17 U.S.C. § 504(c), the statutory maximum for willful copyright infringement is $150,000 "for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." The Court entered default judgment on December 17, 2020 against Defendants Kfir Moyal Art Gallery Inc. and Kfir Moyal Art LLC fdba Kfir Moyal Art Gallery Inc. and in favor of Plaintiff in the amount of $150,000 in statutory damages, $6,600 in attorneys' fees, and $1,191.08 in costs as to infringement of the same work. (Dkt. No. 64.) The FAC alleges Defendant Moyal owns and operates Kfir Moyal Art Gallery Inc. and Kfir Moyal Art LLC. (FAC ¶¶ 5-7.) Therefore, the Court finds Defendants Kfir Moyal, Kfir Moyal Art Gallery Inc. and Kfir Moyal Art LLC fdba Kfir Moyal Art Gallery Inc. are jointly and severally liable for $150,000 in statutory damages for the infringement. *See Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 946 (9th Cir. 2011) ("[W]hen statutory damages are assessed against one defendant or a group of defendants held to be jointly and severally liable, each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work.").

### III. CONCLUSION

Accordingly, the Court **GRANTS** Plaintiff's Application as to Defendant Kfir Moyal, and orders an amended default judgment be entered against Defendants Kfir Moyal, Kfir Moyal, Kfir Moyal Art Gallery Inc., and Kfir Moyal Art LLC fdba Kfir Moyal Art Gallery Inc., jointly and severally, in the amount of $150,000 in statutory damages, $6,600 in attorneys' fees, and $1,191.08 in costs.

**IT IS SO ORDERED.**

Dated: March 10, 2021.

Honorable Consuelo B. Marshall
United States District Judge
CC:FISCAL