MARY LU (State Bar No. 272034)
PATSY BARRON MARTINEZ (State Bar No. 311655)
**KERMISCH & PALETZ LLP**
12711 Ventura Blvd., Suite 200
Studio City, CA 91604
Telephone: (818) 478-1043
Facsimile: (818) 478-1047

Attorneys for Defendant:
**NAUSICAA RAMPONY**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>        Plaintiff,<br><br>v.<br><br>NAUSICAA RAMPONY & THE COOL HEART LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFIR MOYAL<br><br>        Defendant. | Case No.:  2:20-cv-01374-CBM-MAA<br><br>JUDGE CONSUELO B. MARSHALL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**<br><br>Date: May 4, 2021<br>Time: 10:00 a.m.<br>Courtroom: 8B |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Douglas Kirkland v. Nausicaa Rampony et. al
2:20-cv-01374-CBM-MAA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE OF COURT
TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**
Page 1 of 4

KERMISCH & PALETZ, LLP

KERMISCH
& PALETZ, LLP

K&P

### MEMORANDUM OF POINTS AND AUTHORITIES

#### I.   INTRODUCTION

Defendants NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART GALLERY, INC., KFIR MOYAL ART, LLC, and KFIR MOYAL (collectively "Defendants") retained Mary Lu with Kermisch & Paletz, LLP ("Kermisch & Paletz") in regard to a copyright dispute that arose between the Defendants and Plaintiff DOUGLAS KIRKLAND ("Plaintiff"). Plaintiff filed a complaint on February 12, 2020, alleging causes of action for copyright infringement. Plaintiff subsequently filed a First Amended Complaint on February 25, 2020. Defendants filed their answers to the complaint on December 15, 2020.

A Schedule Conference has been scheduled for this case on April 6, 2021 at 10:00 a.m. Other than this Schedule Conference, there are no pending hearings or dates in this matter. Lead counsel on this matter, Mary Lu, is separating from Kermisch & Paletz LLP and as a result of this change, there is no other available counsel at Kermisch & Paletz that can continue to represent Defendants.

#### II.   ARGUMENT

##### A.   Kermisch & Paletz Should Be Allowed to Withdraw Because of the Breakdown in Its Relationship With Defendants and the Unavailability of Counsel

The decision as to whether an attorney may withdraw is entrusted to the sound direction of the Court. *Beard v. Shuttermart of California, Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694 at * 2 (S.D. Cal., Feb. 13, 2008); *United States v. Lundstrom*, 291 Fed. Appx. 76, 77 (9th Cir. 2008). The considerations taken into account by the court can include "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of California, Inc.*, *supra*, at *2 (citations omitted).

//

//

---

Douglas Kirkland v. Nausicaa Rampony et. al
2:20-cv-01374-CBM-MAA

### i. *Good Cause Exists to Allow Kermisch & Paletz to Withdraw*

In California, an attorney is required to "maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client." Bus. & Prof. Code §6068(e)(1). Accordingly, it is difficult if, not nearly impossible, within a motion for leave to withdraw as counsel, to provide details about and exact reasons why the relationship between Kermisch & Paletz and Defendants has broken down and why it is unreasonably difficult for Kermisch & Paletz to represent Defendants. Nevertheless, Kermisch & Paletz offers that it may be able to provide further explanations to the Court *in camera*, if necessary, in an attempt to enable the court to further understand the nature of the situation.  In any event, there are cases that are instructive as to the reasons why an attorney can be allowed to withdraw from his representation of a client.

One reason for allowing an attorney to withdraw includes a breakdown of the attorney client relationship, which has occurred in this case. See *Fischer v Biman Bangladesh Airlines*, No. 96 CIV. 3120 SHS AJP, 1997 WL 411446 (S.D. N.Y., July 18, 1997). Further, due to the departure of Mary Lu from Kermisch & Paletz, there is no available counsel that can ethically represent Defendants. As a result, Kermisch & Paletz may withdraw as counsel of record for Defendants pursuant to *California Rules of Professional Conduct Rule* 1.16(b).

### ii. *Defendants Will Not Be Prejudiced By Kermisch & Paletz's Withdrawal*

It does not appear that there would be any prejudice to either Plaintiff or Defendants by Kermisch & Paletz's withdrawing from the matter, as the only hearing on calendar for this matter will be covered by counsel from the firm and is not a substantive matter.  Instead, it is Schedule Conference which may be continued or conducted without prejudice to Defendants. There are no other matters and deadlines pertaining to this matter as it relates to Nausicaa Rampony and The Cool Heart LLC.

//

//

//

---

Douglas Kirkland v. Nausicaa Rampony et. al
2:20-cv-01374-CBM-MAA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE OF COURT TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANTS**
Page 3 of 4

### iii. There Will Not Be Any Undue Delay in the Resolution of the Case or Harm to the Administration of Justice

Kermisch & Paletz's withdrawal as counsel of record for Defendants would not cause harm to the administration of justice or cause undue delay in the prosecution of this case. While there may be some delay in certain aspects of the case, it is anticipated that any issues in that regard would be negligible to the parties. Furthermore, Defendants KFIR MOYAL, KFIR MOYAL ARTGALLERY INC., AND KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC. recently retained counsel, who may or may not set-aside the default entered against such Defendants on March 10, 2021.  As a result, these procedural issues still need to be resolved at this stage.

If forced to continue its representation of Defendants Nausicaa Rampony and The Cool Heart LLC, the Defendants as well as Kermisch & Paletz that would be materially harmed and hampered by an unreasonably difficult situation. Because of the breakdown in the relationship between Kermisch & Paletz and Defendants and the lack of available counsel to represent Defendants, the Court should allow Kermisch & Paletz to withdraw from the representation and grant its motion for leave to withdraw.

### III.   CONCLUSION

For all of the reasons stated herein and in the Declaration of Mary Lu, Kermisch & Paletz respectfully requests the Court's permission to withdraw as counsel for Defendants, and for such other and further relief to which it may justly be entitled.


                                      KERMISCH AND PALETZ LLP

Dated: March 25, 2021            BY: _Mary Lu_____
                                      MARY LU, ESQ.
                                      PATSY BARRON MARTINEZ, ESQ.
                                      Attorneys for Defendants

Douglas Kirkland v. Nausicaa Rampony et. al
2:20-cv-01374-CBM-MAA