Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA  90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorney for Plaintiff
DOUGLAS KIRKLAND

MARY LU (State Bar No. 272034)
PATSY BARRON MARTINEZ (State Bar No. 311655)
**KERMISCH & PALETZ LLP**
12711 Ventura Blvd., Suite 200
Studio City, California 91604
T. 818.478.1043; F: 818.478.1047
E. mary@kpsclaw.com

Attorney for Defendants
NAUSICAA RAMPONY, AND THE
COOL HEART, LLC,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DOUGLAS KIRKLAND | Case No.: 2:20-cv-01374 |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| NAUSICAA RAMPONY, AND THE COOL HEART, LLC, | |

1

Defendants.

# JOINT REPORT PURSUANT TO F.R.C.P. RULE 26(f)

This *Joint Report Pursuant to F.R.C.P. Rule 26(f)* is submitted by Plaintiff Douglas Kirkland, ("Kirkland" or "Plaintiff"), and Defendants Nausicaa Rampony, and The Cool Heart, LLC (collectively the "Defendants").

The counsel for Plaintiff and for Defendants conferred on **March 16, 2021**, as required under the Federal Rules of Civil Procedure ("FRCP") Rule 26(f) and Local Rule L.R. 26-1, and this Court's Scheduling Order.

Plaintiff and Defendants, through their respective counsel of record, hereby submit this *Joint Report* prepared pursuant to FRCP Rule 26(f) following their March 17, 2021 conference, as follows:

1. **Jurisdiction and Service:** The basis for the court's subject matter jurisdiction over Plaintiff's claims in the above-captioned action (the "Action") is the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* and 501 *et seq.*  The parties do not dispute personal jurisdiction or venue as they affect the Defendants. The Defendants named in the complaint in the Action have been served and have filed an answer.

2. **Factual Issues:** Plaintiff contends that the chronology of the facts and events relevant to this Action, and the principal factual issues in dispute, are as follows:

/ /

/ /

/ /

PLAINTIFF CONTENDS:

    a.    Douglas Kirkland ("Kirkland") joined Look Magazine in his early twenties, and later Life Magazine during the golden age of 60's/70's photojournalism. His assignments included essays on Greece, Lebanon, and Japan, as well as fashion and celebrity work, photographing Marilyn Monroe, Elizabeth Taylor, Marlene Dietrich and many others.

    b.    Kirkland's fine art photography has been exhibited all over the world. His work is in the permanent collections of the Smithsonian, the National Portrait Gallery in Canberra, Australia, the National Portrait Gallery in London, the Eastman House in Rochester, the Houston Center for Photography, and the Annenberg Space for Photography in Los Angeles.

    c.    Kirkland owns the copyright in the image at issue in this case.

    d.    Defendant THE COOL HEART, LLC ("TCH") is an art gallery located in Beverly Hills, California. TCH is the owner and operator of a website located at the URL www.thecoolheart.com (the "Website"). TCH is promoting a gallery event at the Sofitel in Beverly Hills on its Website using Kirkland's work.

    e.    Defendant NAUSICAA RAMPONY is the owner of TCH.

    f.    Defendants have never been licensed to use the Work at issue in this action for any purpose.

    g.    Kirkland alleges that Defendants copied Kirkland's copyrighted Work from the internet in order to advertise, market and promote its business activities.

    h.    TCH copied and distributed Kirkland's copyrighted Work in connection with TCH's business for purposes of advertising and promoting TCH's business, and in the course and scope of advertising and selling products and services.

    i.    TCH committed copyright infringement of the Work on its www.thecoolheart.com website.

DEFENDANTS CONTEND:

      a.    TCH did not use Kirkland's work to promote gallery events. TCH understood the artwork provided and created by Kfir Moyal was his intellectual property.

      b.    In addition, TCH and Nausicaa Rampony were not aware and had no reason to believe that its and her acts may have constituted an infringement of copyright.

      c.    The work provided by Kfir Moyal to Defendants did not contain a copyright notice and it was represented by Kfir Moyal to be his artwork.

      d.    Defendants are unsophisticated parties with Nausicaa Rampony being the owner of TCH which is a local art gallery and Defendants and are not a large company.

3. **Legal Issues:** The disputed points of law are as follows:

PLAINTIFF CONTENDS:

      a.    Whether Kirkland owns a valid copyright in the Work;

      b.    Whether TCH copied, displayed or distributed Plaintiff's Work; and

      c.    Kirkland's damages.

DEFENDANTS CONTEND:

      a.    Whether Kirkland owns a valid copyright in the Work;

      b.    Whether the art hung by TCH was for a fair use;

      c.    Whether the art hung by TCH was used to promote business activities;

      d.    Whether the art hung by TCH was the intellectual property of Kfir Moyal;

4. **Realistic Range of Probable Damages:** Kirkland believes his damages are at least $150,000. Defendants dispute this amount.

5. **Additional Parties:** It is believed that there are no additional parties.

6. **Complex Case:** The parties agree this is not a complex case.
7. **Depositions:**
   a. Kirkland is planning on taking approximately three depositions.
   b. Defendants are planning on taking approximately three depositions.
   c. Depositions will be set conducted after the parties have exchanged discovery and by January 31, 2022.
8. **Written Discovery:**
   a. Each party will seek twenty-five (25) interrogatories.
   b. Reponses to interrogatories, requests for production and requests for admissions are due 30 days after service of the discovery requests.
9. **Proposed Discovery Cut-Off Date:** January 31, 2022
10. **Motions:**
    a. Plaintiff contemplates filing motion(s) for summary judgment and/or summary adjudication upon substantial completion of discovery. Proposed hearing date for the motion for summary judgment is March 25, 2022.
    b. Defendants counsel have filed a motion to withdraw as counsel. Defendants further contemplates filing any necessary discovery motions for compliance, and any other dispositive motions such as summary judgment upon completion of discovery. Proposed hearing date for the motion to withdraw has been noticed for May 4, 2021 and any motions for dispositive relief are similarly proposed for March 25, 2022.
11. **Experts:**
    a. Number of experts expected to be called by each side.
       i. Plaintiff contemplates calling one expert.

        ii.      Defendants contemplates calling one expert.

    b.    Expert's area of expertise is.

        i.      Plaintiff's expert's expertise will be copyright damages.

        ii.      Defendants' expert's expertise will be in copyright damages.

12.    **Proposed Pre Trial Conference Date:** April 28, 2022.

13.    **Trial:** The Plaintiff requested a jury trial on February 25, 2020. The expected length of trial is 3-5 days.

14.    **Prospects of Settlement:** The parties have engaged in settlement discussions, but have not had significant movement in their respective positions.

15.    **Position of Counsel To Proceed Before a Magistrate-Judge:** The parties do not consent to proceed before a Magistrate-Judge.

16.    **Settlement and ADR:** The parties have agreed to ADR Procedure No. 2. The parties shall appear before a neutral selected from the Court's Mediation Panel.

17.    **Attorneys Who Will Try The Case:**

    a.    Plaintiff: Jonah A. Grossbardt

    b.    Defendants: Defendants' counsel have filed a Motion to Withdraw, and as such, Defendants will need to seek new trial counsel who are unknown at this time.

18.    **Amendment of Pleadings:** Plaintiff reserves the right to amend the complaint to name and add additional defendants and claims. Any motion to amend the pleadings shall be filed no later than April 30, 2021.

19.    **Evidence preservation:** The parties confirm that their counsel have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

20.    **Disclosures:** The parties have stipulated to make their initial disclosures under Fed. R. Civ. P. 26 by April 23, 2021. The parties further stipulated that each

party may amend, supplement, or modify its initial disclosure by May 4, 2021 without penalties or loss of rights.

21. **Discovery:** The parties have not taken discovery at this time. The parties concur that discovery will be necessary on Plaintiff's claims, Defendants' denials of Plaintiff's claims, and Defendants' affirmative defenses, including the issue of damages. The parties expect to conduct discovery and disclosure of documents, electronic files, and artwork that may be stored in digital format. However, at this time, the parties do not believe that complex or specialized electronic discovery methods or tools (such as "data mining" techniques) will be required in order to carry out discovery of electronically stored documents contemplated by the parties. The parties agree to claw back any privileged documents.

22. **Class Actions:** This is not a class action, and the Action does not include any class claims.

23. **Proposals regarding severance, bifurcation or other ordering proof:** Plaintiff believes that the following issues may be narrowed by agreement or by motion, and/or that the following issues, claims, or defenses are amenable to bifurcation: None.
Defendants are open to resolve the matter through a reasonable settlement.

24. **Related cases:** There are no related cases or proceedings pending before any other court, or before an administrative body.

25. **Other issues affecting the status or management of the case:**
Plaintiff: None.
Defendants: Defendants' counsel have filed a motion to withdraw as counsel, and as such, any status or management of the case will need to be further addressed by Defendants' new counsel.

26. **Relief:** Plaintiff contends that the relief sought by him through the complaint, including the amount of any damages sought and a description of the bases on which damages are calculated, is as follows:

Plaintiff seeks that Defendants pay Plaintiff his actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election statutory damages, as provided in 17 U.S.C. § 504. Plaintiff also seeks his attorneys' fees and costs under the applicable statutes sued upon.

DEFENDANTS CONTEND: Defendants' contend that Plaintiff should not prevail in requesting actual or statutory damages or attorneys' fees and costs.

DATED: March 30, 2021     */s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW, P.A.**
Attorneys for Plaintiff DOUGLAS KIRKLAND

DATED: March 30, 2021     */s/ Mary Lu*
MARY LU
PATSY BARRON MARTINEZ
**KERMISCH & PALETZ LLP**
Attorneys for Defendants THE COOL HEART AND NAUSICAA RAMPONY

## SIGNATURE ATTESTATION

Pursuant to Civil Local Rule 5-4.3.4, I hereby attest that I have obtained the concurrence in the filing of this document from all the signatories for whom a signature is indicated by a "conformed" signature (/s/) within this e-filed document and I have on file records to support this concurrence for subsequent production for the Court if so ordered or for inspection upon request.

Dated: March 30, 2021     /s/ Jonah A. Grossbardt
Jonah A. Grossbardt