Jonah A. Grossbardt (State Bar No. 283584)
Matthew L. Rollin (State Bar No. 332631)
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com
matthew.rollin@sriplaw.com

Attorneys for Plaintiff
DOUGLAS KIRKLAND

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>Plaintiff,<br><br>v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFIR MOYAL,<br><br>Defendants. | Case No.: 2:20-cv-01374-CBM-MAA<br><br>**PLAINTIFF DOUGLAS KIRKLAND'S MOTION TO CONTINUE DISCOVERY CUTOFF**<br><br>**Date:** October 19, 2021<br>**Time:** 9:30 a.m.<br>**Courtroom:** Courtroom 550, 5th Floor<br>**Judge:** Hon. Consuelo B. Marshall<br><br>**Discovery Cutoff Date:** October 1, 2021<br>**Pretrial-Conference Date:** March 29, 2022<br>**Trial Date:** April 26, 2022 |

1

## I. INTRODUCTION

Plaintiff, Douglas Kirkland, ("Kirkland"), by and through his undersigned counsel, hereby moves this honorable Court for an order modifying the current Scheduling Order in light of discovery disputes between Kirkland's counsel and new counsel for Ms. Nausicaa Rampony and The Cool Heart, LLC's (collectively "TCH"). Kirkland seeks to continue the discovery cutoff in this case from October 1, 2021, to December 1, 2021, for the limited purpose of taking TCH's deposition and completing the meet and confer and motion to compel process on his outstanding discovery requests.

Kirkland has been diligently pursuing this action and has already obtained a default judgment against TCH's co-defendants for $150,000 in statutory damages. (Dkt. No. 78). Kirkland has been attempting to conduct discovery but was stymied by TCH because they asked for a stay to respond to discovery and they also asked for time to obtain new counsel and the Court granted both of these requests. (Dkt. Nos. 91, 92 and 101). TCH are now on their fourth law firm representing them in this matter. Jonah A. Grossbardt Declaration in Support of Motion to Continue Discovery Cutoff ("Grossbardt Decl.") ¶ 19. TCH has also been in and out of default and Kirkland's counsel allowed TCH out of default while an application for default was pending against TCH. (Dkt. Nos. 41 and 51)

Kirkland only seeks a brief extension to finish two discrete outstanding discovery issues. The trial date for this case is not until April 26, 2022, and motions are to be noticed by January 25, 2022. A two-month extension to complete this discovery will not cause anyone hardship or delay the proceedings. Kirkland demonstrates good cause for this continuance and requests that the Court grant him additional time to complete TCH's 30(b)(6) deposition and allow the Court to rule on a potential motion to compel if the parties are unable to resolve their current discovery dispute over TCH's outstanding discovery responses to Kirkland's discovery requests.

2

Kirkland requests a sixty-day extension of the fact discovery cutoff because Kirkland's counsel has not had sufficient time to conduct discovery in this matter because of TCH's conduct. Rampony has had multiple attorneys, Kirkland has let TCH out of default and has granted a thirty-five-day extension to written discovery responses. Furthermore, TCH's new counsel sent written discovery to the wrong address instead of simply emailing them like the parties had been doing throughout the litigation with no problems. Kirkland's counsel has sent numerous emails and letters trying to meet and confer with TCH's counsel regarding these discovery issues. Kirkland requests the additional time to adequately complete fact discovery.

## II.     RELEVANT PROCEDURAL HISTORY

This case began on February 11, 2020, when Kirkland filed the Complaint against TCH. (Dkt. No. 1). On February 26, 2021, Kirkland filed an Amended Complaint against TCH. (Dkt. No. 21). TCH did not appear or otherwise respond to the Amended Complaint. On May 15, 2020, Kirkland's counsel filed for entry of Clerk's default. (Dkt. No. 30). On May 18, 2020, the Clerk entered default against TCH. (Dkt. No. 32). On August 25, 2020, Kirkland filed his Application for Default Judgment. (Dkt. No. 41). On September 22, 2020, the Court held a telephonic hearing and continued Kirkland's application for default hearing until November 10, 2020. (Dkt. No. 43). On October 21, 2020, TCH retained counsel to appear in this matter. (Dkt. No. 47). TCH's prior counsel reached out and asked if Kirkland would give TCH the courtesy of setting aside default. Grossbardt Decl. ¶ 5. Kirkland's counsel consented and stipulated to set aside default. Grossbardt Decl. ¶ 5. On November 19, 2020, the parties stipulated, and the Clerk's default was set-aside. (Dkt. No. 51).

On December 17, 2020, the Court entered default judgment in the amount of $150,000 in statutory damages, $6,600 in attorneys' fees and costs against TCH's co-defendants Kfir Moyal Art Gallery Inc. and Kfir Moyal Art LLC FDBA Kfir Moyal Art Gallery Inc. (Dkt. No. 64).

3

On March 5, 2021, Kirkland's counsel filed a change of address with the Court. (Dkt. No. 71). The form stated that Kirkland's counsel moved offices from 1801 Century Park East to their current office of 8730 Wilshire Boulevard. (Dkt. No. 71).

On March 8, 2021, the Court issued an Order notifying the parties that the application for default judgment as to Kfir Moyal was set for March 9, 2021, and was to be heard by telephone. (Dkt. No. 72).

On March 9, 2021, the Court ordered a Scheduling Conference on April 6, 2021. (Dkt. No. 74). The Court also held a telephonic conference on the application for default judgment against Mr. Moyal and the Court advised the application for default judgment was granted against Mr. Moyal. (Dkt. No. 67).

On March 10, 2021, the Court issued an Order granting Kirkland's application for default judgment against Mr. Moyal. (Dkt. No. 76). The Court entered default judgment in the amount of $150,000 in statutory damages, $6,600 in attorneys' fees and $1,191.08 in costs against TCH's co-defendant Kfir Moyal. (Dkt. No. 76).

On March 10, 2021, the Court issued a default judgment against defendants Kfir Moyal, Kfir Moyal Art Gallery LLC fdba Kfir Moyal Art Gallery Inc. jointly and severally for $150,000 in statutory damages, $6,600 in attorneys' fees and $1,191.08 in costs against TCH's co-defendants. (Dkt. No. 78).

On March 25, 2021, TCH's prior counsel filed a Notice of Motion and Motion for Leave of Court to Withdraw as Counsel of Record for Defendants. (Dkt. No. 80).

On Mach 30, 2021, Kirkland and TCH's counsel filed their joint Rule 26(f) Report with the Court. (Dkt. No. 81).

On April 5, 2021, the Court issued the Scheduling Order. (Dkt. No. 83).

On April 5, 2021, the Court entered a scheduling order setting the fact discovery cutoff time as October 1, 2021. (Dkt. No. 86).

On April 26, 2021, the Court ordered Ms. Rampony and her prior counsel to attend the hearing on TCH's prior counsel's withdrawal motion. (Dkt. No. 89).

1. On May 3, 2021, Kirkland served his first discovery requests via email on TCH's prior counsel. TCH's counsel accepted electronic service. Grossbardt Decl. ¶ 8, Ex. 1.

2. On May 4, 2021, the Court continued the hearing on the withdrawal motion to June 8, 2021. (Dkt. No 91).

3. In May 2020, Kirkland agreed to allow TCH an additional thirty-five days to respond to Kirkland's discovery responses. Grossbardt Decl. ¶ 9, Ex. 2.

4. On June 15, 2021, TCH retained new counsel. (Dkt. No. 94).

5. On June 21, 2021, the Court granted a thirty-five-day extension for TCH to respond to discovery. (Dkt. Nos. 101, 103).

6. On or about July 13, 2021, TCH served their discovery responses via mail to Kirkland's counsel's old office address. Grossbardt Decl. ¶ 10 Ex. 3. Kirkland's counsel did not receive the responses because it was not forwarded to him. Grossbardt Decl. ¶ 10. In late July, counsel was notified that counsel had mail at his prior office. Counsel did not pick the mail up until the last week of July. Grossbardt Decl. ¶ 10. It was only when Kirkland's counsel went to his old office did, he discover that TCH served their discovery responses to the wrong address. Grossbardt Decl. ¶ 10. Kirkland's counsel was out of the office from August 5 to August 16 on vacation. Grossbardt Decl. ¶ 11. Kirkland's counsel had various other matters that he was attending to once he returned to the office. Grossbardt Decl. ¶ 11.

7. On September 1, 2021, Volodymyr Usov showed up at Kirkland's counsel's correct office to serve TCH's discovery requests. Grossbardt Decl. ¶ 12, Ex. 4. On September 2, 2021, Kirkland's counsel emailed TCH's counsel to request a 30-day extension to respond to discovery and a 60-day continuance to complete discovery. Grossbardt Decl. ¶ 13, Ex. 5). The parties tried to resolve this through the L.R. 7-1 process but no agreement could be reached. Grossbardt Decl. ¶ 14, Ex. 6.

///
///

### III. LEGAL ARGUMENT

#### A. Good Cause Exists to Grant Kirkland's Request to Extend the Discovery Cutoff Date

Under the current schedule, entered by the Court on April 15, 2021, the discovery cutoff date is October 1, 2021. (Dkt. No. 86).

Kirkland has been prevented from obtaining discovery because of the procedural posture of this case and TCH's counsel failure to send the discovery responses to the correct office address. (Grossbardt Decl. ¶ 15).

Discovery only commenced in this case on March 16, 2021, after the Rule 26(f) conference and discovery was first served on May 3, 2021, and was responded to over sixty days later because Kirkland's counsel extended TCH a professional courtesy so they could obtain new counsel and get them familiarized with the case. Grossbardt Decl. ¶ 16. Counsel served these responses on Kirkland's old address and only via mail as opposed to email as had been the agreement prior to them entering the case.

In short, the Court should slightly modify the current schedule to enable the orderly litigation of this action. Modifying the schedule will allow discovery to proceed in a cost-effective manner. This provides the Court with good cause under Rule 16.

The good cause analysis under Fed. R. Civ. P. 16(b)(4) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th Cir. 1992). "Good cause may be found to exist where the moving party shows that it diligently assisted the court with creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters that could not have reasonably been foreseen at the time of the issuance of the scheduling order, and that it was diligent in seeking an amendment once it became apparent that the party could not comply with the scheduling order." *Kuscher v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009).

1. Here, Kirkland is promptly seeking the amendment of the scheduling order after numerous attempts to meet and confer with TCH's new counsel to stipulate to a continuance. Grossbardt Decl. ¶ 17, Ex. 7. TCH's counsel refuses and is incorrectly blaming Kirkland's counsel for the delays caused by their client and counsel's failure to serve the correct office.

Moreover, Kirkland has diligently sought discovery so that responses would be received and depositions conducted before the current discovery cutoff of October 1, 2021. This case has only been going on for so long because TCH has been in and out of default and is being represented by their fourth law firm (two law firms made appearances on the on the record and two did not). Grossbardt Decl. ¶ 19.

The current issues between Kirkland and TCH is a noticed 30(b)(6) deposition set for September 28, 2021, that TCH would not confirm and a dispute over TCH's responses to Kirkland's discovery requests that were served on the wrong office. Grossbardt Decl. ¶ 20. Kirkland's counsel has been trying to work through these discovery issues with TCH's counsel all month and TCH's counsel has refused to negotiate in good faith for a continuance. Grossbardt Decl. ¶ 21, Ex. 7.

Kirkland has demonstrated good cause pursuant to Rule 16(b)(4), and the Court should therefore vacate the current schedule and continue the discovery cutoff date. The Court will not have to change many other dates in the Scheduling Order because the date to set motions for hearing is January 25, 2022, the pretrial conference is set for March 29, 2022, and the trial is set for April 26, 2022. (Dkt. No. 86).

Kirkland requests the Court to grant a sixty-day extension for fact discovery cutoff because of several factors making it unlikely that Parties will be able to complete fact discovery before October 1, 2021.

The parties have had several discovery issues over the last month. Kirkland's counsel has sent numerous emails and letters and have had several calls with TCH's counsel regarding these discovery disputes. Kirkland's counsel is in the process of preparing a Motion to Compel discovery responses. Additionally, Kirkland's counsel

7

has been unable to get confirmation from TCH's counsel of when Rampony will be available for a deposition. The current deposition is noticed for September 28, 2021, three days before fact discovery is set to expire.

Kirkland served the notice of this deposition three times on TCH. On September 2, 2021, Kirkland served TCH's counsel via electronic mail. TCH's counsel then objected to electronic service. On September 9, 2021, Kirkland re-served the notice via email and regular mail. On September 20, 2021, TCH's counsel claimed that still had not been served the notice. On September 20, 2021, Kirkland re-served for the third time via personal service. Grossbardt Decl. ¶ 23, Ex. 8. On September 21, 2021, TCH's counsel informed Kirkland's counsel that TCH is not available on September 28, 2021. Grossbardt Decl. ¶ 24, Ex. 9.

Kirkland requests an additional sixty days to finish fact discovery. This will allow time for the Court to rule on the soon to be filed Motion to Compel, and it will allow ample time for Kirkland's counsel to depose TCH.

As mentioned, Kirkland's counsel has attempted to get TCH's counsel to stipulate to this brief continuance, but they have refused.

Therefore, Kirkland has shown good cause for an Order continuing the discovery cutoff date. Thus, the Court should grant Kirkland's request to continue the discovery cutoff to December 1, 2021.

### B. The Court Should Grant Kirkland's Request to Extend Time To Respond To Discovery Requests

Kirkland requests the Court to grant a two-week extension to respond to written discovery because Kirkland gave TCH's counsel a thirty-five-day extension previously in the litigation. Grossbardt Decl. ¶ 22).

On September 3, 2021, Kirkland's counsel sent TCH's counsel a letter requesting a stipulation to extend the discovery cutoff and a thirty-day extension to respond to the written discovery TCH served. Kirkland's counsel requested a time to meet and confer regarding these issues, pursuant to the L.R. 7-1 and 37-1.

TCH's counsel was not receptive to the request and denied stipulating to an extension to the written discovery. Kirkland's counsel has gone above and beyond offering professional courtesies to TCH. After TCH obtained counsel, Kirkland's counsel agreed to set-aside the entry of Clerk's default while an application for default judgment was pending. Furthermore, after TCH's prior counsel moved to withdraw as counsel, Kirkland's counsel offered TCH a thirty-five-day extension to the written discovery requests served upon TCH. This allowed their current counsel to get up to speed and respond to discovery.

Currently, Kirkland's counsel is seeking a two-week extension to respond to discovery for two reasons. First, September has many Jewish holidays and Kirkland's counsel was out of the office for a few days and second Kirkland's counsel extended TCH a thirty-five-day courtesy earlier in the litigation to respond to Kirkland's discovery requests. (Dkt. No. 22).

Therefore, Kirkland's counsel has shown good cause for an extension to respond to written discovery. Thus, the Court should grant Kirkland's request to allow until October 15, 2021, to respond to written discovery.

## IV. CONCLUSION

Therefore, based on the foregoing, Kirkland requests the Court to continue the discovery cutoff date from October 1, 2021, to December 1, 2021, so Kirkland can complete his 30(b)(6) deposition of TCH and complete fact discovery and continue all dates accordingly. Kirkland also requests the Court to extend Kirkland's time to respond to written discovery by fourteen days from October 1, 2021, to October 15, 2021.

DATED: September 21, 2021          Respectfully submitted,

                                   */s/ Jonah A. Grossbardt*
                                   JONAH A. GROSSBARDT
                                   **SRIPLAW**
                                   Attorneys for Plaintiff Douglas Kirkland

9

# CERTIFICATE OF SERVICE

I am employed in the county of Los Angeles, state of California. I am over the age of 18 and not a party to the within action; my business address is 8730 Wilshire Boulevard, Suite 350, Beverly Hills, California, 90211.

On September 21, 2021, I served the following: **PLAINTIFF DOUGLAS KIRKLAND'S MOTION TO CONTINUE DISCOVERY CUTOFF**

on the interested parties below:

Mr. Maurice Pessah
Pessah Law Group
661 North Harper Avenue
Suite 208
Los Angeles, CA 90048
Maurice@pessahgroup.com
Attorney for The Cool Heart, LLC and
Nausicaa Rampony

☐ **BY FIRST CLASS MAIL.** I served the documents by enclosing them in a sealed envelope or package with the postage pre-paid addressed to the persons at the address above and placing the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service. The envelope or package was placed in the mail at Los Angeles, California.

☒ **BY FEDERAL EXPRESS MAIL.** I enclosed the documents in an envelope or package provided by Federal Express and addressed to the persons listed above. I placed the envelope or package for collection and delivery at an office or a regularly utilized FedEX drop box.

☒ **BY CM/ECF** The undersigned does hereby certify that on September 21, 2021, a true and correct copy of the foregoing document was served by ECF.

☐ **BY ELECTRONIC MAIL.** The undersigned does hereby certify that a true and correct copy of the foregoing document was served by electronic mail to all parties listed above.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

DATED: September 21, 2021

             */s/ Jonah A. Grossbardt*
             JONAH A. GROSSBARDT
             **SRIPLAW**
             Attorneys for Plaintiff Douglas Kirkland