# Exhibit 3

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| DOUGLAS KIRKLAND | Case No.: 2:20-cv-01374-CBMMAA |
|---|---|
| Plaintiff, | **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE** |
| v. | |
| NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFIR MOYAL. | |
| Defendants. | |

**PROPOUNDING PARTY:**   Plaintiff Douglas Kirkland

**RESPONDING PARTY:**   Defendants Nausicaa Rampony and
The Cool Heart, LLC

**SET NO.:**   One (1)

1

1        **PLEASE TAKE NOTICE** that Pursuant to Rule 33 of the Federal Rules of

2    Civil Procedure, Defendants NAUSICAA RAMPONY and THE COOL HEART,

3    LLC (collectively, "Responding Party") hereby respond to the following

4    Interrogatories, Set One, propounded by Plaintiff DOUGLAS KIRKLAND

5    ("Propounding Party").

6    **PRELIMINARY STATEMENT**

7        Responding Party has not completed its investigation of the facts relating to

8    this case, its discovery or its preparation for trial. All responses and objections

9    contained herein are based only upon information that is presently available to and

10   specifically known by Responding Party. It is anticipated that further discovery,

11   independent investigation, legal research and analysis will supply additional facts

12   and add meaning to known facts, as well as establish entirely new factual

13   conclusions and legal contentions, all of which may lead to substantial additions to,

14   changes in, and variations from the responses set forth herein.

15       These responses, while based on diligent inquiry and investigation by

16   Responding Party, reflect only the current state of Responding Party's knowledge,

17   understanding, and belief, based upon the information reasonably available to it at

18   this time. As this action proceeds, and further investigation and discovery are

19   conducted, additional or different facts and information could be revealed to

20   Responding Party. Moreover, Responding Party anticipates that Propounding Party

21   may make legal or factual contentions presently unknown to and unforeseen by

22   Responding Party which may require Responding Party to adduce further facts in

23   rebuttal to such contentions. Consequently, Responding Party may not yet have

24   knowledge and may not fully understand the significance of information potentially

25   pertinent to these responses. Accordingly, these responses are provided without

26   prejudice to Responding Party's right to rely upon and use any information that it

27   subsequently discovers, or that was omitted from these responses as a result of

28   mistake, inadvertence, surprise, or excusable neglect. Without in any way

2

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

1   obligating itself to do so, Responding Party reserves the right to modify,
2   supplement, revise, or amend these responses, and to correct inadvertent errors or
3   omissions which may be contained herein, in light of the information that
4   Responding Party may subsequently obtain or discover.

5        Nothing in this response should be construed as an admission by Responding
6   Party with respect to the admissibility or relevance of any fact or document, or of
7   the truth or accuracy of any characterization or statement of any kind contained in
8   Propounding Party's requests.

9        Each of the following responses is made solely for the purpose of this action.
10  Each response is subject to all objections as to relevance, materiality, admissibility,
11  and to any and all objections on any ground that would require exclusion of any
12  response if it were introduced in court. All objections and grounds are expressly
13  reserved and may be interposed at the time or trial, hearing, or otherwise,
14  Furthermore, each of the objections contained herein is incorporated by reference
15  as though fully set forth in each response.

16       The following objections and responses are made without prejudice to
17  Responding Party's right to produce at trial, or otherwise, evidence regarding any
18  subsequently discovered information. Responding Party accordingly reserved the
19  right to modify and amend any and all responses herein as research is completed
20  and contentions are made.

21       Nothing contained herein is to be construed as a waiver of any attorney-client
22  privilege, work product doctrine, or any other applicable privilege or doctrine. To
23  the extent any request may be construed as calling for disclosure of information
24  protected from discovery by the attorney-client privilege, the work product
25  doctrine, or any other privilege or protection, a continuing objection to each and
26  every such request is hereby interposed.
27  //
28  //

3

## OBJECTION TO DEFINITIONS

Responding Party objects to each and every request to the extent Propounding Party attempts to incorporate its "Definitions" in the request for production on the grounds that such definitions are: (a) internally vague and ambiguous and overbroad and thereby render each request vague, ambiguous, unintelligible and compound; (b) impose on Responding Party an unreasonable burden of comparing each request with such "definitions" and other documents; (c) are calculated to oppress and harass rather than seek useful and relevant information; and (d) are internally inconsistent.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 2:**

Please provide the name(s), residence and business address and occupation of the person(s) answering these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Subject to and without waiver or limitation of the foregoing objection, Responding Party responds as follows:

Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, 661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

4

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

1  Discovery is continuing and Responding Party reserves the right to amend or
2  supplement this response based on the results of such discovery, further
3  investigation, and legal research and analysis should these efforts supply additional
4  facts, add meaning to known facts, or establish entirely new factual and legal
5  contentions, all of which may lead to substantial additions to, changes in and
6  variations from the present form of this response.

7  **INTERROGATORY NO. 3:**

8  Please provide the name, address, telephone number, place of employment
9  and job title of any person who has, claims to have or whom you believe may have
10 knowledge or information pertaining to any fact alleged in the pleadings (as defined
11 in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying
12 the subject matter of this action.

13 **RESPONSE TO INTERROGATORY NO. 3:**

14 Responding Party incorporates in its response to this Interrogatory its
15 Preliminary Statement and Objections to Definitions as though fully set forth
16 herein. Responding Party objects to this Interrogatory on the grounds that it seeks
17 information that is neither relevant to any party's claim or defense nor proportional
18 to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
19 further objects to this Interrogatory on the grounds that it is overbroad,
20 burdensome, and oppressive. Responding Party further objects to this Interrogatory
21 on the grounds that it requires Responding Party to provide information that is
22 protected from disclosure by the attorney-client privilege, the attorney-work
23 product doctrine, or any other constitutional, statutory, or common law privilege
24 or protection. Responding Party further objects to this Interrogatory on the grounds
25 that it calls for documents and information, some of which are within the exclusive
26 possession, custody, and control of Propounding Party. Responding Party further
27 objects to this Interrogatory on the grounds that it calls for speculation. Subject to
28

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

1   and without waiver or limitation of the foregoing objections, Responding Party
2   responds as follows:
3       Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, PC,
4   661 N Harper Ave., Suite 208, Los Angeles, CA 90048.
5       Kfir Moyal, c/o Mark P. Meuser, Esq., Dhillon Law Group, Inc., 290 North
6   Hudson Ave., Suite 411E, Pasadena, CA 91101.
7       Douglas Kirkland, c/o Jonah Adam Grossbardt, SRIPLAW, 8730 Wilshire
8   Blvd., Suite 350, Beverly Hills, CA 90211.
9       Discovery is continuing and Responding Party reserves the right to amend or
10  supplement this response based on the results of such discovery, further
11  investigation, and legal research and analysis should these efforts supply additional
12  facts, add meaning to known facts, or establish entirely new factual and legal
13  contentions, all of which may lead to substantial additions to, changes in and
14  variations from the present form of this response.
15  **INTERROGATORY NO. 4:**
16      To the extent not listed in your response to Interrogatory No. 2, please provide
17  the name, address, telephone number, place of employment and job title of any
18  person who has, claims to have or whom you believe may have knowledge or
19  information pertaining to any defense, affirmative defense, and/or counterclaim
20  now or hereafter asserted in this Action.
21  **RESPONSE TO INTERROGATORY NO. 4:**
22      Responding Party incorporates in its response to this Interrogatory its
23  Preliminary Statement and Objections to Definitions as though fully set forth
24  herein. Responding Party objects to this Interrogatory on the grounds that it is
25  duplicative. Responding Party further objects to this Interrogatory on the grounds
26  that it seeks information that is neither relevant to any party's claim or defense nor
27  proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).
28  Responding Party further objects to this Interrogatory on the grounds that it is

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it calls for documents and information, some of which are within the exclusive possession, custody, and control of Propounding Party. Responding Party further objects to this Interrogatory on the grounds that it calls for speculation. Subject to and without waiver or limitation of the foregoing objections, Responding Party responds as follows:

Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, PC, 661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

Kfir Moyal, c/o Mark P. Meuser, Esq., Dhillon Law Group, Inc., 290 North Hudson Ave., Suite 411E, Pasadena, CA 91101.

Douglas Kirkland, c/o Jonah Adam Grossbardt, SRIPLAW, 8730 Wilshire Blvd., Suite 350, Beverly Hills, CA 90211.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**INTERROGATORY NO. 5:**

Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth

1   herein. Responding Party objects to this Interrogatory on the grounds that it seeks
2   information that is neither relevant to any party's claim or defense nor proportional
3   to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
4   further objects to this Interrogatory on the grounds that it is overbroad, burdensome,
5   and oppressive. Responding Party further objects to this Interrogatory on the
6   grounds that it is vague and ambiguous as to the terms "nature," "substance" and
7   "knowledge." Responding Party further objects to this Interrogatory on the grounds
8   that it assumes facts not in evidence. Responding Party further objects to this
9   Interrogatory on the grounds that it calls for speculation. Responding Party further
10  objects to this Interrogatory on the grounds that it requires Responding Party to
11  provide information that is protected from disclosure by the attorney-client
12  privilege, the attorney-work product doctrine, or any other constitutional, statutory,
13  or common law privilege or protection. Responding Party further objects to this
14  Interrogatory on the grounds that it calls for documents and information, some of
15  which are within the exclusive possession, custody, and control of Propounding
16  Party.

17        Discovery is continuing and Responding Party reserves the right to amend or
18  supplement this response based on the results of such discovery, further
19  investigation, and legal research and analysis should these efforts supply additional
20  facts, add meaning to known facts, or establish entirely new factual and legal
21  contentions, all of which may lead to substantial additions to, changes in and
22  variations from the present form of this response.

23  **INTERROGATORY NO. 6:**

24        Please state the specific nature and substance of the knowledge that you
25  believe the person(s) identified in your response to Interrogatory No. 3 may have.

26  **RESPONSE TO INTERROGATORY NO. 6:**

27        Responding Party incorporates in its response to this Interrogatory its
28  Preliminary Statement and Objections to Definitions as though fully set forth

herein. Responding Party objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "nature," "substance" and "knowledge." Responding Party further objects to this Interrogatory on the grounds that it assumes facts not in evidence. Responding Party further objects to this Interrogatory on the grounds that it calls for speculation. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it calls for documents and information, some of which are within the exclusive possession, custody, and control of Propounding Party.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**INTERROGATORY NO. 7:**

Please identify where you obtained the Work.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory on the grounds that it is

1  overbroad, burdensome, and oppressive. Responding Party further objects to this
2  Interrogatory on the grounds that it is vague and ambiguous as to the term
3  "obtained." Responding Party further objects to this Interrogatory on the grounds
4  that it assumes facts not in evidence. Responding Party further objects to this
5  Interrogatory on the grounds that it requires Responding Party to provide
6  information that is protected from disclosure by the attorney-client privilege, the
7  attorney-work product doctrine, or any other constitutional, statutory, or common
8  law privilege or protection.

9       Discovery is continuing and Responding Party reserves the right to amend or
10 supplement this response based on the results of such discovery, further
11 investigation, and legal research and analysis should these efforts supply additional
12 facts, add meaning to known facts, or establish entirely new factual and legal
13 contentions, all of which may lead to substantial additions to, changes in and
14 variations from the present form of this response.

15 **INTERROGATORY NO. 8:**
16      Please identify who published the Work.
17 **RESPONSE TO INTERROGATORY NO. 8:**
18      Responding Party incorporates in its response to this Interrogatory its
19 Preliminary Statement and Objections to Definitions as though fully set forth
20 herein. Responding Party objects to this Interrogatory on the grounds that it seeks
21 information that is neither relevant to any party's claim or defense nor proportional
22 to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
23 further objects to this Interrogatory on the grounds that it is overbroad,
24 burdensome, and oppressive. Responding Party further objects to this Interrogatory
25 on the grounds that it is vague and ambiguous as to the term "published."
26 Responding Party further objects to this Interrogatory on the grounds that it
27 assumes facts not in evidence. Responding Party further objects to this
28 Interrogatory on the grounds that it calls for speculation. Responding Party further

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**INTERROGATORY NO. 9:**

Please provide the name of each person whom you may use as a fact witness at trial.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory on the grounds that it is duplicative. Responding Party further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it calls for speculation. Subject to and without waiver or limitation of the foregoing objections, Responding Party responds as follows:

11

1    Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, PC,
2    661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

3    Kfir Moyal, c/o Mark P. Meuser, Esq., Dhillon Law Group, Inc., 290 North
4    Hudson Ave., Suite 411E, Pasadena, CA 91101.

5    Douglas Kirkland, c/o Jonah Adam Grossbardt, SRIPLAW, 8730 Wilshire
6    Blvd., Suite 350, Beverly Hills, CA 90211.

7    Discovery is continuing and Responding Party reserves the right to amend or
8    supplement this response based on the results of such discovery, further
9    investigation, and legal research and analysis should these efforts supply additional
10   facts, add meaning to known facts, or establish entirely new factual and legal
11   contentions, all of which may lead to substantial additions to, changes in and
12   variations from the present form of this response.

13   **INTERROGATORY NO. 10:**

14   Please state in detail the substance of the facts to be provided by each person
15   whom you may use as a fact witness at trial.

16   **RESPONSE TO INTERROGATORY NO. 10:**

17   Responding Party incorporates in its response to this Interrogatory its
18   Preliminary Statement and Objections to Definitions as though fully set forth
19   herein. Responding Party objects to this Interrogatory on the grounds that it seeks
20   information that is neither relevant to any party's claim or defense nor proportional
21   to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
22   further objects to this Interrogatory on the grounds that it is overbroad, burdensome,
23   and oppressive. Responding Party further objects to this Interrogatory on the
24   grounds that it is vague and ambiguous as to the terms "substance" and "facts."
25   Responding Party further objects to this Interrogatory on the grounds that it assumes
26   facts not in evidence. Responding Party further objects to this Interrogatory on the
27   grounds that it calls for speculation. Responding Party further objects to this
28   Interrogatory on the grounds that it requires Responding Party to provide

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

1   information that is protected from disclosure by the attorney-client privilege, the
2   attorney-work product doctrine, or any other constitutional, statutory, or common
3   law privilege or protection.

4          Discovery is continuing and Responding Party reserves the right to amend or
5   supplement this response based on the results of such discovery, further
6   investigation, and legal research and analysis should these efforts supply additional
7   facts, add meaning to known facts, or establish entirely new factual and legal
8   contentions, all of which may lead to substantial additions to, changes in and
9   variations from the present form of this response.

10  **INTERROGATORY NO. 11:**

11         Please identify each document that you may use as an exhibit at trial.

12  **RESPONSE TO INTERROGATORY NO. 11:**

13         Responding Party incorporates in its response to this Interrogatory its
14  Preliminary Statement and Objections to Definitions as though fully set forth
15  herein. Responding Party objects to this Interrogatory on the grounds that it seeks
16  information that is neither relevant to any party's claim or defense nor proportional
17  to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
18  further objects to this Interrogatory on the grounds that it is overbroad,
19  burdensome, and oppressive. Responding Party further objects to this Interrogatory
20  on the grounds that it is vague and ambiguous. Responding Party further objects to
21  this Interrogatory on the grounds that it assumes facts not in evidence. Responding
22  Party further objects to this Interrogatory on the grounds that it calls for
23  speculation. Responding Party further objects to this Interrogatory on the grounds
24  that it requires Responding Party to provide information that is protected from
25  disclosure by the attorney-client privilege, the attorney-work product doctrine, or
26  any other constitutional, statutory, or common law privilege or protection.

27         Discovery is continuing and Responding Party reserves the right to amend or
28  supplement this response based on the results of such discovery, further

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

1   investigation, and legal research and analysis should these efforts supply additional
2   facts, add meaning to known facts, or establish entirely new factual and legal
3   contentions, all of which may lead to substantial additions to, changes in and
4   variations from the present form of this response.

6   Dated: July 13, 2021                         **PESSAH LAW GROUP, PC**

9                                      By: _____
10                                          Maurice D. Pessah, Esq.
11                                          Summer E. Benson, Esq.
12                                          Jason H. Sunshine, Esq.
                                            Attorneys for Plaintiff
13                                          Nausicaa Rampony and
14                                          The Cool Heart, LLC

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

## <u>VERIFICATION</u>

I am, Nausicaa Rampony, in the individual capacity and as the owner of The Cool Heart, LLC., Defendant in the above-referenced action. I have read **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE** and know the contents thereof. I am informed and believe that the matters stated therein are true, except as those matters, which are stated on information and belief, and as to those matters, I am informed and believed that they are true.

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on July 13, 2021 at Los Angeles, California.

_____

Nausicaa Rampony

1  MAURICE D. PESSAH (SBN: 275955)
   *maurice@pessahgroup.com*
2  SUMMER E. BENSON (SBN: 326398)
   *sbenson@pessahgroup.com*
3  JASON H. SUNSHINE (SBN: 336062)
   *jsunshine@pessahgroup.com*
4
5  **PESSAH LAW GROUP, PC**
   661 N. Harper Ave., Suite 208
6  Los Angeles, CA 90048
7  Tel. (310) 772-2261

8  Attorneys for Defendants
9  NAUSICAA RAMPONY and
   THE COOL HEART, LLC
10

11          **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13

14 DOUGLAS KIRKLAND                    Case No.: 2:20-cv-01374-CBMMAA

15      Plaintiff,                     **DEFENDANTS' NAUSICAA**
                                       **RAMPONY AND THE COOL**
16                                     **HEART, LLC'S RESPONSES TO**
17         v.                          **PLAINTIFF DOUGLAS**
                                       **KIRKLAND'S**
18 NAUSICAA RAMPONY, THE COOL          **INTERROGATORIES, SET ONE**
19 HEART, LLC, KFIR MOYAL ART
   LLC FDBA KFIR MOYAL ART
20 GALLERY INC., KFIR MOYAL ART
21 GALLERY INC., AND KFIR MOYAL.

22      Defendants.

23

24

25 **PROPOUNDING PARTY:**  Plaintiff Douglas Kirkland

26 **RESPONDING PARTY:**   Defendants Nausicaa Rampony and

27                         The Cool Heart, LLC

28 **SET NO.:**            One (1)

---

1

1      **PLEASE TAKE NOTICE** that Pursuant to Rule 33 of the Federal Rules of

2    Civil Procedure, Defendants NAUSICAA RAMPONY and THE COOL HEART,

3    LLC (collectively, "Responding Party") hereby respond to the following

4    Interrogatories, Set One, propounded by Plaintiff DOUGLAS KIRKLAND

5    ("Propounding Party").

6                  **PRELIMINARY STATEMENT**

7      Responding Party has not completed its investigation of the facts relating to

8    this case, its discovery or its preparation for trial. All responses and objections

9    contained herein are based only upon information that is presently available to and

10   specifically known by Responding Party. It is anticipated that further discovery,

11   independent investigation, legal research and analysis will supply additional facts

12   and add meaning to known facts, as well as establish entirely new factual

13   conclusions and legal contentions, all of which may lead to substantial additions to,

14   changes in, and variations from the responses set forth herein.

15      These responses, while based on diligent inquiry and investigation by

16   Responding Party, reflect only the current state of Responding Party's knowledge,

17   understanding, and belief, based upon the information reasonably available to it at

18   this time. As this action proceeds, and further investigation and discovery are

19   conducted, additional or different facts and information could be revealed to

20   Responding Party. Moreover, Responding Party anticipates that Propounding Party

21   may make legal or factual contentions presently unknown to and unforeseen by

22   Responding Party which may require Responding Party to adduce further facts in

23   rebuttal to such contentions. Consequently, Responding Party may not yet have

24   knowledge and may not fully understand the significance of information potentially

25   pertinent to these responses. Accordingly, these responses are provided without

26   prejudice to Responding Party's right to rely upon and use any information that it

27   subsequently discovers, or that was omitted from these responses as a result of

28   mistake, inadvertence, surprise, or excusable neglect. Without in any way

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

obligating itself to do so, Responding Party reserves the right to modify, supplement, revise, or amend these responses, and to correct inadvertent errors or omissions which may be contained herein, in light of the information that Responding Party may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's requests.

Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time or trial, hearing, or otherwise, Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserved the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any request may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such request is hereby interposed.

//

//

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

## OBJECTION TO DEFINITIONS

Responding Party objects to each and every request to the extent Propounding Party attempts to incorporate its "Definitions" in the request for production on the grounds that such definitions are: (a) internally vague and ambiguous and overbroad and thereby render each request vague, ambiguous, unintelligible and compound; (b) impose on Responding Party an unreasonable burden of comparing each request with such "definitions" and other documents; (c) are calculated to oppress and harass rather than seek useful and relevant information; and (d) are internally inconsistent.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 2:

Please provide the name(s), residence and business address and occupation of the person(s) answering these Interrogatories.

### RESPONSE TO INTERROGATORY NO. 2:

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Subject to and without waiver or limitation of the foregoing objection, Responding Party responds as follows:

Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, 661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

1  Discovery is continuing and Responding Party reserves the right to amend or
2  supplement this response based on the results of such discovery, further
3  investigation, and legal research and analysis should these efforts supply additional
4  facts, add meaning to known facts, or establish entirely new factual and legal
5  contentions, all of which may lead to substantial additions to, changes in and
6  variations from the present form of this response.

7  **INTERROGATORY NO. 3:**

8  Please provide the name, address, telephone number, place of employment
9  and job title of any person who has, claims to have or whom you believe may have
10  knowledge or information pertaining to any fact alleged in the pleadings (as defined
11  in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying
12  the subject matter of this action.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14  Responding Party incorporates in its response to this Interrogatory its
15  Preliminary Statement and Objections to Definitions as though fully set forth
16  herein. Responding Party objects to this Interrogatory on the grounds that it seeks
17  information that is neither relevant to any party's claim or defense nor proportional
18  to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
19  further objects to this Interrogatory on the grounds that it is overbroad,
20  burdensome, and oppressive. Responding Party further objects to this Interrogatory
21  on the grounds that it requires Responding Party to provide information that is
22  protected from disclosure by the attorney-client privilege, the attorney-work
23  product doctrine, or any other constitutional, statutory, or common law privilege
24  or protection. Responding Party further objects to this Interrogatory on the grounds
25  that it calls for documents and information, some of which are within the exclusive
26  possession, custody, and control of Propounding Party. Responding Party further
27  objects to this Interrogatory on the grounds that it calls for speculation. Subject to
28

5

1    and without waiver or limitation of the foregoing objections, Responding Party
2    responds as follows:

3         Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, PC,
4    661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

5         Kfir Moyal, c/o Mark P. Meuser, Esq., Dhillon Law Group, Inc., 290 North
6    Hudson Ave., Suite 411E, Pasadena, CA 91101.

7         Douglas Kirkland, c/o Jonah Adam Grossbardt, SRIPLAW, 8730 Wilshire
8    Blvd., Suite 350, Beverly Hills, CA 90211.

9         Discovery is continuing and Responding Party reserves the right to amend or
10   supplement this response based on the results of such discovery, further
11   investigation, and legal research and analysis should these efforts supply additional
12   facts, add meaning to known facts, or establish entirely new factual and legal
13   contentions, all of which may lead to substantial additions to, changes in and
14   variations from the present form of this response.

15   **INTERROGATORY NO. 4:**

16        To the extent not listed in your response to Interrogatory No. 2, please provide
17   the name, address, telephone number, place of employment and job title of any
18   person who has, claims to have or whom you believe may have knowledge or
19   information pertaining to any defense, affirmative defense, and/or counterclaim
20   now or hereafter asserted in this Action.

21   **RESPONSE TO INTERROGATORY NO. 4:**

22        Responding Party incorporates in its response to this Interrogatory its
23   Preliminary Statement and Objections to Definitions as though fully set forth
24   herein. Responding Party objects to this Interrogatory on the grounds that it is
25   duplicative. Responding Party further objects to this Interrogatory on the grounds
26   that it seeks information that is neither relevant to any party's claim or defense nor
27   proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).
28   Responding Party further objects to this Interrogatory on the grounds that it is

1   overbroad, burdensome, and oppressive. Responding Party further objects to this
2   Interrogatory on the grounds that it requires Responding Party to provide
3   information that is protected from disclosure by the attorney-client privilege, the
4   attorney-work product doctrine, or any other constitutional, statutory, or common
5   law privilege or protection. Responding Party further objects to this Interrogatory
6   on the grounds that it calls for documents and information, some of which are
7   within the exclusive possession, custody, and control of Propounding Party.
8   Responding Party further objects to this Interrogatory on the grounds that it calls
9   for speculation. Subject to and without waiver or limitation of the foregoing
10  objections, Responding Party responds as follows:

11          Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, PC,
12  661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

13          Kfir Moyal, c/o Mark P. Meuser, Esq., Dhillon Law Group, Inc., 290 North
14  Hudson Ave., Suite 411E, Pasadena, CA 91101.

15          Douglas Kirkland, c/o Jonah Adam Grossbardt, SRIPLAW, 8730 Wilshire
16  Blvd., Suite 350, Beverly Hills, CA 90211.

17          Discovery is continuing and Responding Party reserves the right to amend or
18  supplement this response based on the results of such discovery, further
19  investigation, and legal research and analysis should these efforts supply additional
20  facts, add meaning to known facts, or establish entirely new factual and legal
21  contentions, all of which may lead to substantial additions to, changes in and
22  variations from the present form of this response.

23  **INTERROGATORY NO. 5:**

24          Please state the specific nature and substance of the knowledge that you
25  believe the person(s) identified in your response to Interrogatory No. 2 may have.

26  **RESPONSE TO INTERROGATORY NO. 5:**

27          Responding Party incorporates in its response to this Interrogatory its
28  Preliminary Statement and Objections to Definitions as though fully set forth

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

herein. Responding Party objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "nature," "substance" and "knowledge." Responding Party further objects to this Interrogatory on the grounds that it assumes facts not in evidence. Responding Party further objects to this Interrogatory on the grounds that it calls for speculation. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it calls for documents and information, some of which are within the exclusive possession, custody, and control of Propounding Party.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**INTERROGATORY NO. 6:**

Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 3 may have.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

herein. Responding Party objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "nature," "substance" and "knowledge." Responding Party further objects to this Interrogatory on the grounds that it assumes facts not in evidence. Responding Party further objects to this Interrogatory on the grounds that it calls for speculation. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it calls for documents and information, some of which are within the exclusive possession, custody, and control of Propounding Party.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**INTERROGATORY NO. 7:**

Please identify where you obtained the Work.

**RESPONSE TO INTERROGATORY NO. 7:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory on the grounds that it is

9

1  overbroad, burdensome, and oppressive. Responding Party further objects to this
2  Interrogatory on the grounds that it is vague and ambiguous as to the term
3  "obtained." Responding Party further objects to this Interrogatory on the grounds
4  that it assumes facts not in evidence. Responding Party further objects to this
5  Interrogatory on the grounds that it requires Responding Party to provide
6  information that is protected from disclosure by the attorney-client privilege, the
7  attorney-work product doctrine, or any other constitutional, statutory, or common
8  law privilege or protection.

9      Discovery is continuing and Responding Party reserves the right to amend or
10  supplement this response based on the results of such discovery, further
11  investigation, and legal research and analysis should these efforts supply additional
12  facts, add meaning to known facts, or establish entirely new factual and legal
13  contentions, all of which may lead to substantial additions to, changes in and
14  variations from the present form of this response.

15  **INTERROGATORY NO. 8:**

16      Please identify who published the Work.

17  **RESPONSE TO INTERROGATORY NO. 8:**

18      Responding Party incorporates in its response to this Interrogatory its
19  Preliminary Statement and Objections to Definitions as though fully set forth
20  herein. Responding Party objects to this Interrogatory on the grounds that it seeks
21  information that is neither relevant to any party's claim or defense nor proportional
22  to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
23  further objects to this Interrogatory on the grounds that it is overbroad,
24  burdensome, and oppressive. Responding Party further objects to this Interrogatory
25  on the grounds that it is vague and ambiguous as to the term "published."
26  Responding Party further objects to this Interrogatory on the grounds that it
27  assumes facts not in evidence. Responding Party further objects to this
28  Interrogatory on the grounds that it calls for speculation. Responding Party further

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**INTERROGATORY NO. 9:**

Please provide the name of each person whom you may use as a fact witness at trial.

**RESPONSE TO INTERROGATORY NO. 9:**

Responding Party incorporates in its response to this Interrogatory its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Interrogatory on the grounds that it is duplicative. Responding Party further objects to this Interrogatory on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to this Interrogatory on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Interrogatory on the grounds that it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection. Responding Party further objects to this Interrogatory on the grounds that it calls for speculation. Subject to and without waiver or limitation of the foregoing objections, Responding Party responds as follows:

1    Nausicaa Rampony, c/o Maurice D. Pessah, Esq., Pessah Law Group, PC,
2    661 N Harper Ave., Suite 208, Los Angeles, CA 90048.

3    Kfir Moyal, c/o Mark P. Meuser, Esq., Dhillon Law Group, Inc., 290 North
4    Hudson Ave., Suite 411E, Pasadena, CA 91101.

5    Douglas Kirkland, c/o Jonah Adam Grossbardt, SRIPLAW, 8730 Wilshire
6    Blvd., Suite 350, Beverly Hills, CA 90211.

7    Discovery is continuing and Responding Party reserves the right to amend or
8    supplement this response based on the results of such discovery, further
9    investigation, and legal research and analysis should these efforts supply additional
10    facts, add meaning to known facts, or establish entirely new factual and legal
11    contentions, all of which may lead to substantial additions to, changes in and
12    variations from the present form of this response.

13    **INTERROGATORY NO. 10:**

14    Please state in detail the substance of the facts to be provided by each person
15    whom you may use as a fact witness at trial.

16    **RESPONSE TO INTERROGATORY NO. 10:**

17    Responding Party incorporates in its response to this Interrogatory its
18    Preliminary Statement and Objections to Definitions as though fully set forth
19    herein. Responding Party objects to this Interrogatory on the grounds that it seeks
20    information that is neither relevant to any party's claim or defense nor proportional
21    to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
22    further objects to this Interrogatory on the grounds that it is overbroad, burdensome,
23    and oppressive. Responding Party further objects to this Interrogatory on the
24    grounds that it is vague and ambiguous as to the terms "substance" and "facts."
25    Responding Party further objects to this Interrogatory on the grounds that it assumes
26    facts not in evidence. Responding Party further objects to this Interrogatory on the
27    grounds that it calls for speculation. Responding Party further objects to this
28    Interrogatory on the grounds that it requires Responding Party to provide

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

1   information that is protected from disclosure by the attorney-client privilege, the
2   attorney-work product doctrine, or any other constitutional, statutory, or common
3   law privilege or protection.

4       Discovery is continuing and Responding Party reserves the right to amend or
5   supplement this response based on the results of such discovery, further
6   investigation, and legal research and analysis should these efforts supply additional
7   facts, add meaning to known facts, or establish entirely new factual and legal
8   contentions, all of which may lead to substantial additions to, changes in and
9   variations from the present form of this response.

10   **INTERROGATORY NO. 11:**

11       Please identify each document that you may use as an exhibit at trial.

12   **RESPONSE TO INTERROGATORY NO. 11:**

13       Responding Party incorporates in its response to this Interrogatory its
14   Preliminary Statement and Objections to Definitions as though fully set forth
15   herein. Responding Party objects to this Interrogatory on the grounds that it seeks
16   information that is neither relevant to any party's claim or defense nor proportional
17   to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party
18   further objects to this Interrogatory on the grounds that it is overbroad,
19   burdensome, and oppressive. Responding Party further objects to this Interrogatory
20   on the grounds that it is vague and ambiguous. Responding Party further objects to
21   this Interrogatory on the grounds that it assumes facts not in evidence. Responding
22   Party further objects to this Interrogatory on the grounds that it calls for
23   speculation. Responding Party further objects to this Interrogatory on the grounds
24   that it requires Responding Party to provide information that is protected from
25   disclosure by the attorney-client privilege, the attorney-work product doctrine, or
26   any other constitutional, statutory, or common law privilege or protection.

27       Discovery is continuing and Responding Party reserves the right to amend or
28   supplement this response based on the results of such discovery, further

1   investigation, and legal research and analysis should these efforts supply additional

2   facts, add meaning to known facts, or establish entirely new factual and legal

3   contentions, all of which may lead to substantial additions to, changes in and

4   variations from the present form of this response.

5

6   Dated: July 13, 2021                          **PESSAH LAW GROUP, PC**

7

8

9                                          By: _____

10                                              Maurice D. Pessah, Esq.

11                                              Summer E. Benson, Esq.
                                                Jason H. Sunshine, Esq.
12                                              Attorneys for Plaintiff

13                                              Nausicaa Rampony and
                                                The Cool Heart, LLC
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND<br><br>    Plaintiff,<br><br>    v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFIR MOYAL.<br><br>    Defendants. | Case No.: 2:20-cv-01374-CBMMAA<br><br>**DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |

**PROPOUNDING PARTY:**     Plaintiff Douglas Kirkland

**RESPONDING PARTY:**      Defendants Nausicaa Rampony and

The Cool Heart, LLC

**SET NO.:**          One (1)

1

1     **PLEASE TAKE NOTICE** that Pursuant to Rule 34 of the Federal Rules of

2    Civil Procedure, Defendants NAUSICAA RAMPONY and THE COOL HEART,

3    LLC (collectively, "Responding Party") hereby respond to the following Requests

4    for Production of Documents, Set One, propounded by Plaintiff DOUGLAS

5    KIRKLAND ("Propounding Party").

6                  **PRELIMINARY STATEMENT**

7     To the extent that any request for production or the definitions or instructions

8    applicable thereto, calls for the production of "any" or "all" documents, writings, or

9    other things of any kind whatsoever, Responding Party's duty to search for and

10   produce such documents, writings, or other things shall be limited to a reasonable,

11   good faith search under the circumstances. Neither Responding Party's identification

12   of, nor its objection to the identification of, any document or any category of

13   documents, is to be construed to be an admission that any specific document or

14   documents exist within such category or categories.

15     Responding Party has not completed its investigation of the facts relating to

16   this case, its discovery or its preparation for trial. All responses and objections

17   contained herein are based only upon information that is presently available to and

18   specifically known by Responding Party. It is anticipated that further discovery,

19   independent investigation, legal research and analysis will supply additional facts

20   and add meaning to known facts, as well as establish entirely new factual

21   conclusions and legal contentions, all of which may lead to substantial additions to,

22   changes in, and variations from the responses set forth herein.

23     These responses, while based on diligent inquiry and investigation by

24   Responding Party, reflect only the current state of Responding Party's knowledge,

25   understanding, and belief, based upon the information reasonably available to it at

26   this time. As this action proceeds, and further investigation and discovery are

27   conducted, additional or different facts and information could be revealed to

28   Responding Party. Moreover, Responding Party anticipates that Propounding Party

1    may make legal or factual contentions presently unknown to and unforeseen by
2    Responding Party which may require Responding Party to adduce further facts in
3    rebuttal to such contentions. Consequently, Responding Party may not yet have
4    knowledge and may not fully understand the significance of information potentially
5    pertinent to these responses. Accordingly, these responses are provided without
6    prejudice to Responding Party's right to rely upon and use any information that it
7    subsequently discovers, or that was omitted from these responses as a result of
8    mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating
9    itself to do so, Responding Party reserves the right to modify, supplement, revise, or
10   amend these responses, and to correct inadvertent errors or omissions which may be
11   contained herein, in light of the information that Responding Party may subsequently
12   obtain or discover.

13        Nothing in this response should be construed as an admission by Responding
14   Party with respect to the admissibility or relevance of any fact or document, or of
15   the truth or accuracy of any characterization or statement of any kind contained in
16   Propounding Party's requests.

17        Each of the following responses is made solely for the purpose of this action.
18   Each response is subject to all objections as to relevance, materiality, admissibility,
19   and to any and all objections on any ground that would require exclusion of any
20   response if it were introduced in court. All objections and grounds are expressly
21   reserved and may be interposed at the time or trial, hearing, or otherwise,
22   Furthermore, each of the objections contained herein is incorporated by reference as
23   though fully set forth in each response.

24        The following objections and responses are made without prejudice to
25   Responding Party's right to produce at trial, or otherwise, evidence regarding any
26   subsequently discovered information. Responding Party accordingly reserved the
27   right to modify and amend any and all responses herein as research is completed and
28   contentions are made.

3

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   Nothing contained herein is to be construed as a waiver of any attorney-client
2   privilege, work product doctrine, or any other applicable privilege or doctrine. To
3   the extent any request may be construed as calling for disclosure of information
4   protected from discovery by the attorney-client privilege, the work product doctrine,
5   or any other privilege or protection, a continuing objection to each and every such
6   request is hereby interposed.

7   **OBJECTION TO DEFINITIONS**

8   Responding Party objects to each and every request to the extent Propounding
9   Party attempts to incorporate its "Definitions" in the request for production on the
10  grounds that such definitions are: (a) internally vague and ambiguous and overbroad
11  and thereby render each request vague, ambiguous, unintelligible and compound; (b)
12  impose on Responding Party an unreasonable burden of comparing each request
13  with such "definitions" and other documents; (c) are calculated to oppress and harass
14  rather than seek useful and relevant information; and (d) are internally inconsistent.

15  **RESPONSES TO REQUEST FOR PRODUCTION**

16  **REQUEST FOR PRODUCTION NO. 1:**

17  All documents pertaining to your acquisition of the Work.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

19  Responding Party incorporates in its response to this Request for Production
20  its Preliminary Statement and Objections to Definitions as though fully set forth
21  herein. Responding Party objects to this Request on the grounds that it does not
22  identify the documents sought with reasonable particularity. Responding Party
23  further objects to this Request on the grounds that is it vague and ambiguous as to
24  the term "acquisition." Responding Party further objects to this Request on the
25  grounds that it is overly broad, burdensome, and oppressive. Responding Party
26  further objects to this Request to the extent it assumes on facts not in evidence.
27  Responding Party further objects to this Request to the extent it seeks information
28  outside Responding Party's possession, custody, or control. Subject to and without

4

1   waiver or limitation of the foregoing objections, Responding Party responds as
2   follows:
3       After an inspection and reasonable inquiry, Responding Party will produce
4   all non-privileged documents, if any, in its possession, custody and control that
5   are responsive to this Request.
6       Discovery is continuing and Responding Party reserves the right to amend or
7   supplement this response based on the results of such discovery, further
8   investigation, and legal research and analysis should these efforts supply
9   additional facts, add meaning to known facts, or establish entirely new factual and
10  legal contentions, all of which may lead to substantial additions to, changes in and
11  variations from the present form of this response.
12  **REQUEST FOR PRODUCTION NO. 2:**
13      All documents showing your use of the Work.
14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
15      Responding Party incorporates in its response to this Request for Production
16  its Preliminary Statement and Objections to Definitions as though fully set forth
17  herein. Responding Party objects to this Request on the grounds that it does not
18  identify the documents sought with reasonable particularity. Responding Party
19  further objects to this Request on the grounds that is it vague and ambiguous as to
20  the term "use." Responding Party further objects to this Request on the grounds
21  that it is vague and ambiguous as to time. Responding Party further objects to this
22  Request on the grounds that it is overly broad, burdensome, and oppressive.
23  Subject to and without waiver or limitation of the foregoing objections,
24  Responding Party responds as follows:
25      After an inspection and reasonable inquiry, Responding Party will produce
26  all non-privileged documents, if any, in its possession, custody and control that
27  are responsive to this Request.
28

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Discovery is continuing and Responding Party reserves the right to amend or
2    supplement this response based on the results of such discovery, further
3    investigation, and legal research and analysis should these efforts supply
4    additional facts, add meaning to known facts, or establish entirely new factual and
5    legal contentions, all of which may lead to substantial additions to, changes in and
6    variations from the present form of this response.
7    **REQUEST FOR PRODUCTION NO. 3:**
8        All copies of the Work in the Defendants' possession.
9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
10       Responding Party incorporates in its response to this Request for Production
11   its Preliminary Statement and Objections to Definitions as though fully set forth
12   herein. Responding Party objects to this Request on the grounds that it does not
13   identify the documents sought with reasonable particularity. Responding Party
14   further objects to this Request on the grounds that it is overly broad, burdensome,
15   and oppressive. Responding Party further objects to this Request on the grounds
16   that is it vague and ambiguous as to the term "possession." Responding Party
17   further objects to this Request on the grounds that it calls for legal conclusion.
18       Discovery is continuing and Responding Party reserves the right to amend or
19   supplement this response based on the results of such discovery, further
20   investigation, and legal research and analysis should these efforts supply
21   additional facts, add meaning to known facts, or establish entirely new factual and
22   legal contentions, all of which may lead to substantial additions to, changes in and
23   variations from the present form of this response.
24   **REQUEST FOR PRODUCTION NO. 4:**
25       All of your advertisements where the Work was used.
26   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**
27       Responding Party incorporates in its response to this Request for Production
28   its Preliminary Statement and Objections to Definitions as though fully set forth

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  herein. Responding Party objects to this Request on the grounds that it does not

2  identify the documents sought with reasonable particularity. Responding Party

3  further objects to this Request on the grounds that is it vague and ambiguous as to

4  the term "advertisements." Responding Party further objects to this Request on

5  the grounds that it is overly broad, burdensome, and oppressive. Subject to and

6  without waiver or limitation of the forgoing objections, Responding Party

7  responds as follows:

8      After an inspection and reasonable inquiry, Responding Party will produce

9  all non-privileged documents, if any, in its possession, custody and control that

10  are responsive to this Request.

11     Discovery is continuing and Responding Party reserves the right to amend or

12  supplement this response based on the results of such discovery, further

13  investigation, and legal research and analysis should these efforts supply

14  additional facts, add meaning to known facts, or establish entirely new factual and

15  legal contentions, all of which may lead to substantial additions to, changes in and

16  variations from the present form of this response.

17  **REQUEST FOR PRODUCTION NO. 5:**

18     All documents pertaining to your use of the Work at the Gallery.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

20     Responding Party incorporates in its response to this Request for Production

21  its Preliminary Statement and Objections to Definitions as though fully set forth

22  herein. Responding Party objects to this Request on the grounds that it is

23  duplicative. Responding Party further objects to this Request on the grounds that

24  it does not identify the documents sought with reasonable particularity.

25  Responding Party further objects to this Request on the grounds that is it vague

26  and ambiguous as to the term "use." Responding Party further objects to this

27  Request on the grounds that it is overly broad, burdensome, and oppressive.

28

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1       Discovery is continuing and Responding Party reserves the right to amend or

2 supplement this response based on the results of such discovery, further

3 investigation, and legal research and analysis should these efforts supply additional

4 facts, add meaning to known facts, or establish entirely new factual and legal

5 contentions, all of which may lead to substantial additions to, changes in and

6 variations from the present form of this response.

7 **REQUEST FOR PRODUCTION NO. 6:**

8       All documents pertaining to revenue earned from the Gallery.

9 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

10       Responding Party incorporates in its response to this Request for Production

11 its Preliminary Statement and Objections to Definitions as though fully set forth

12 herein. Responding Party objects to this Request on the grounds that it does not

13 identify the documents sought with reasonable particularity. Responding Party

14 further objects to this Request on the grounds that is it vague and ambiguous as to

15 the term "revenue." Responding Party further objects to this Request on the

16 grounds that it is overly broad, burdensome, and oppressive. Responding Party

17 further objects to this Request on the grounds that it seeks information that is

18 neither relevant to any party's claim or defense nor proportional to the needs of

19 the case pursuant to Fed. R. Civ. P. 26(b)(1).

20       Discovery is continuing and Responding Party reserves the right to amend or

21 supplement this response based on the results of such discovery, further

22 investigation, and legal research and analysis should these efforts supply

23 additional facts, add meaning to known facts, or establish entirely new factual and

24 legal contentions, all of which may lead to substantial additions to, changes in and

25 variations from the present form of this response.

26 **REQUEST FOR PRODUCTION NO. 7:**

27       All documents pertaining to communications regarding Plaintiff or the Work.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Responding Party incorporates in its response to this Request for Production its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request on the grounds that it does not identify the documents sought with reasonable particularity. Responding Party further objects to this Request on the grounds that is it vague and ambiguous as to the term "communications." Responding Party further objects to this Request on the grounds that it is overly broad, burdensome, and oppressive. Responding Party further objects to this Request on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1).

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**REQUEST FOR PRODUCTION NO. 8:**

All documents pertaining to requests for you to cease and desist from infringing the Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding Party incorporates in its response to this Request for Production its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request on the grounds that it calls for legal conclusion. Responding Party further objects to this Request on the grounds that it assumes facts not in evidence. Responding Party objects to this Request on the grounds that it does not identify the documents sought with reasonable particularity. Responding Party further objects to this Request on the grounds that

is it vague and ambiguous. Responding Party further objects to this Request on
the grounds that it is overly broad, burdensome, and oppressive. Responding Party
further objects to this Request on the grounds that it seeks information that is
neither relevant to any party's claim or defense nor proportional to the needs of
the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to
this Request on the grounds that it requires Responding Party to provide
information that is protected from disclosure by the attorney-client privilege, the
attorney-work product doctrine, or any other constitutional, statutory, or common
law privilege or protection.

Discovery is continuing and Responding Party reserves the right to amend or
supplement this response based on the results of such discovery, further
investigation, and legal research and analysis should these efforts supply additional
facts, add meaning to known facts, or establish entirely new factual and legal
contentions, all of which may lead to substantial additions to, changes in and
variations from the present form of this response.

**REQUEST FOR PRODUCTION NO. 9:**

All documents pertaining to claims of copyright infringement against
Defendants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding Party incorporates in its response to this Request for Production
its Preliminary Statement and Objections to Definitions as though fully set forth
herein. Responding Party objects to this Request on the grounds that it calls for
legal conclusion. Responding Party further objects to this Request on the grounds
that it assumes facts not in evidence. Responding Party objects to this Request on
the grounds that it does not identify the documents sought with reasonable
particularity. Responding Party further objects to this Request on the grounds that
is it vague and ambiguous. Responding Party further objects to this Request on
the grounds that it is overly broad, burdensome, and oppressive. Responding Party

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1   further objects to this Request on the grounds that it seeks information that is

2   neither relevant to any party's claim or defense nor proportional to the needs of

3   the case pursuant to Fed. R. Civ. P. 26(b)(1). Responding Party further objects to

4   this Request on the grounds that it requires Responding Party to provide

5   information that is protected from disclosure by the attorney-client privilege, the

6   attorney-work product doctrine, or any other constitutional, statutory, or common

7   law privilege or protection.

8        Discovery is continuing and Responding Party reserves the right to amend or

9   supplement this response based on the results of such discovery, further

10  investigation, and legal research and analysis should these efforts supply additional

11  facts, add meaning to known facts, or establish entirely new factual and legal

12  contentions, all of which may lead to substantial additions to, changes in and

13  variations from the present form of this response.

14  **REQUEST FOR PRODUCTION NO. 10:**

15       All documents you contend support any denials in your Answer.

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

17       Responding Party incorporates in its response to this Request for Production

18  its Preliminary Statement and Objections to Definitions as though fully set forth

19  herein. Responding Party objects to this Request on the grounds that it is

20  compound. Responding Party further objects to this Request on the grounds that

21  it does not identify the documents sought with reasonable particularity.

22  Responding Party further objects to this Request on the grounds that it is overly

23  broad, burdensome, and oppressive. Responding Party further objects to this

24  Request on the grounds that it requires Responding Party to provide information

25  that is protected from disclosure by the attorney-client privilege, the attorney-

26  work product doctrine, or any other constitutional, statutory, or common law

27  privilege or protection. Responding Party further objects to this Request to the

28

11

1    extent that it seeks to obtain documents not within Responding Party's possession,
2    custody or control.
3        Discovery is continuing and Responding Party reserves the right to amend or
4    supplement this response based on the results of such discovery, further
5    investigation, and legal research and analysis should these efforts supply
6    additional facts, add meaning to known facts, or establish entirely new factual and
7    legal contentions, all of which may lead to substantial additions to, changes in and
8    variations from the present form of this response.
9    **REQUEST FOR PRODUCTION NO. 11:**
10       All documents you contend support your affirmative defenses.
11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**
12       Responding Party incorporates in its response to this Request for Production
13   its Preliminary Statement and Objections to Definitions as though fully set forth
14   herein. Responding Party objects to this Request on the grounds that it is compound.
15   Responding Party objects to this Request on the grounds that it does not identify the
16   documents sought with reasonable particularity. Responding Party further objects
17   to this Request on the grounds that it is overly broad, burdensome, and oppressive.
18   Responding Party further objects to this Request on the grounds that it requires
19   Responding Party to provide information that is protected from disclosure by the
20   attorney-client privilege, the attorney-work product doctrine, or any other
21   constitutional, statutory, or common law privilege or protection. Responding Party
22   further objects to this Request to the extent that it seeks to obtain documents not
23   within Responding Party's possession, custody or control.
24       Discovery is continuing and Responding Party reserves the right to amend or
25   supplement this response based on the results of such discovery, further
26   investigation, and legal research and analysis should these efforts supply
27   additional facts, add meaning to known facts, or establish entirely new factual and
28

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1  legal contentions, all of which may lead to substantial additions to, changes in and

2  variations from the present form of this response.

3  **REQUEST FOR PRODUCTION NO. 12:**

4      All documents and ESI that Defendants identified in their Rule 26 Initial

5  Disclosures served in this case.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

7      Responding Party incorporates in its response to this Request for Production

8  its Preliminary Statement and Objections to Definitions as though fully set forth

9  herein. Responding Party objects to this Request on the grounds that it is

10  overbroad, burdensome, and oppressive. Responding Party further objects to this

11  Request on the grounds that it calls for documents and information, some of which

12  are within the exclusive possession, custody, and control of Propounding Party.

13  Responding Party objects to this Request to the extent it requires Responding

14  Party to provide information that is protected from disclosure by the attorney-

15  client privilege, the attorney-work product doctrine, or any other constitutional,

16  statutory, or common law privilege or protection. Subject to and without waiver

17  or limitation of the foregoing objections, Responding Party responds as follows:

18      After an inspection and reasonable inquiry, Responding Party will produce

19  all non-privileged documents, if any, in its possession, custody and control that

20  are responsive to this Request.

21      Discovery is continuing and Responding Party reserves the right to amend or

22  supplement this response based on the results of such discovery, further

23  investigation, and legal research and analysis should these efforts supply

24  additional facts, add meaning to known facts, or establish entirely new factual and

25  legal contentions, all of which may lead to substantial additions to, changes in and

26  variations from the present form of this response.

27  **REQUEST FOR PRODUCTION NO. 13:**

28      All documents you intend to use at trial.

---

13

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Responding Party incorporates in its response to this Request for Production its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Request on the grounds that it does not identify the documents sought with reasonable particularity. Responding Party further objects to this Request on the grounds that it calls for documents and information, some of which are within the exclusive possession, custody, and control of Propounding Party. Responding Party objects to this Request to the extent it requires Responding Party to provide information that is protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, or any other constitutional, statutory, or common law privilege or protection.

Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response.

**REQUEST FOR PRODUCTION NO. 14:**

All documents identified in your Answers to Interrogatories.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Responding Party incorporates in its response to this Request for Production its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request on the grounds it is compound. Responding Party further objects to this Request on the grounds that it is overbroad, burdensome, and oppressive. Responding Party further objects to this Request to the extent it requires Responding Party to provide information that is

1  protected from disclosure by the attorney-client privilege, the attorney-work
2  product doctrine, or any other constitutional, statutory, or common law privilege
3  or protection. Subject to and without waiver or limitation of the foregoing
4  objections, Responding Party responds as follows:

5      After an inspection and reasonable inquiry, Responding Party will produce
6  all non-privileged documents, if any, in its possession, custody and control that
7  are responsive to this Request.

8      Discovery is continuing and Responding Party reserves the right to amend or
9  supplement this response based on the results of such discovery, further
10 investigation, and legal research and analysis should these efforts supply
11 additional facts, add meaning to known facts, or establish entirely new factual and
12 legal contentions, all of which may lead to substantial additions to, changes in and
13 variations from the present form of this response.

14 **REQUEST FOR PRODUCTION NO. 15:**

15     Your insurance policies providing coverage for the claims in this lawsuit.

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

17     Responding Party incorporates in its response to this Request for Production
18 its Preliminary Statement and Objections to Definitions as though fully set forth
19 herein. Responding Party further objects to this Request on the grounds that it is
20 overbroad, burdensome, and oppressive. Responding Party further objects to this
21 Request to the extent it requires Responding Party to provide information that is
22 protected from disclosure by the attorney-client privilege, the attorney-work
23 product doctrine, or any other constitutional, statutory, or common law privilege
24 or protection. Responding Party further objects to this Request on the grounds that
25 it seeks information that is neither relevant to any party's claim or defense nor
26 proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Subject
27 to and without waiver or limitation of the foregoing objections, Responding Party
28 responds as follows:

1       To the best knowledge, information and belief of Responding Party, no
2   documents responsive to this Request exists in the possession, custody or control
3   of Responding Party.

4       Discovery is continuing and Responding Party reserves the right to amend or
5   supplement this response based on the results of such discovery, further
6   investigation, and legal research and analysis should these efforts supply
7   additional facts, add meaning to known facts, or establish entirely new factual and
8   legal contentions, all of which may lead to substantial additions to, changes in and
9   variations from the present form of this response.

10   **REQUEST FOR PRODUCTION NO. 16:**

11       All reservations of rights letters or denials from your insurance companies
12   regarding the claims in this lawsuit.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

14       Responding Party incorporates in its response to this Request for Production
15   its Preliminary Statement and Objections to Definitions as though fully set forth
16   herein. Responding Party further objects to this Request on the grounds that it is
17   overbroad, burdensome, and oppressive. Responding Party further objects to this
18   Request to the extent it requires Responding Party to provide information that is
19   protected from disclosure by the attorney-client privilege, the attorney-work
20   product doctrine, or any other constitutional, statutory, or common law privilege
21   or protection. Responding Party further objects to this Request on the grounds that
22   it seeks information that is neither relevant to any party's claim or defense nor
23   proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1). Subject
24   to and without waiver or limitation of the foregoing objections, Responding Party
25   responds as follows:

26       To the best knowledge, information and belief of Responding Party, no
27   documents responsive to this Request exists in the possession, custody or control
28   of Responding Party.

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

1    Discovery is continuing and Responding Party reserves the right to amend or
2    supplement this response based on the results of such discovery, further
3    investigation, and legal research and analysis should these efforts supply
4    additional facts, add meaning to known facts, or establish entirely new factual and
5    legal contentions, all of which may lead to substantial additions to, changes in and
6    variations from the present form of this response.

7

8

9    Dated: July 13, 2021                    **PESSAH LAW GROUP, PC**

10

11

12                                      By: _____

13                                          Maurice D. Pessah, Esq.
                                            Summer E. Benson, Esq.
14                                          Jason H. Sunshine, Esq.
                                            Attorneys for *Plaintiff*
15                                          Nausicaa Rampony and
                                            The Cool Heart, LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND<br><br>     Plaintiff,<br><br>          v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFIR MOYAL<br><br>Defendants. | Case No.: 2:20-cv-01374-CBMMAA<br><br>**DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE** |

**PROPOUNDING PARTY:**   Plaintiff Douglas Kirkland

**RESPONDING PARTY:**   Defendants Nausicaa Rampony and

The Cool Heart, LLC

**SET NO.:**   One (1)

1

1    **PLEASE TAKE NOTICE** that Pursuant to Rule 36 of the Federal Rules of

2    Civil Procedure, Defendants NAUSICAA RAMPONY and THE COOL HEART,

3    LLC (collectively, "Responding Party") hereby respond to the following Request

4    for Admissions, Set One, propounded by Plaintiff DOUGLAS KIRKLAND

5    ("Propounding Party").

6    ## PRELIMINARY STATEMENT

7    Responding Party has not completed its investigation of the facts relating to

8    this case, its discovery or its preparation for trial. All responses and objections

9    contained herein are based only upon information that is presently available to and

10   specifically known by Responding Party. It is anticipated that further discovery,

11   independent investigation, legal research and analysis will supply additional facts

12   and add meaning to known facts, as well as establish entirely new factual

13   conclusions and legal contentions, all of which may lead to substantial additions to,

14   changes in, and variations from the responses set forth herein.

15   These responses, while based on diligent inquiry and investigation by

16   Responding Party, reflect only the current state of Responding Party's knowledge,

17   understanding, and belief, based upon the information reasonably available to it at

18   this time. As this action proceeds, and further investigation and discovery are

19   conducted, additional or different facts and information could be revealed to

20   Responding Party. Moreover, Responding Party anticipates that Propounding Party

21   may make legal or factual contentions presently unknown to and unforeseen by

22   Responding Party which may require Responding Party to adduce further facts in

23   rebuttal to such contentions. Consequently, Responding Party may not yet have

24   knowledge and may not fully understand the significance of information potentially

25   pertinent to these responses. Accordingly, these responses are provided without

26   prejudice to Responding Party's right to rely upon and use any information that it

27   subsequently discovers, or that was omitted from these responses as a result of

28   mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE

1   itself to do so, Responding Party reserves the right to modify, supplement, revise, or
2   amend these responses, and to correct inadvertent errors or omissions which may be
3   contained herein, in light of the information that Responding Party may subsequently
4   obtain or discover.

5        Nothing in this response should be construed as an admission by Responding
6   Party with respect to the admissibility or relevance of any fact or document, or of
7   the truth or accuracy of any characterization or statement of any kind contained in
8   Propounding Party's requests.

9        Each of the following responses is made solely for the purpose of this action.
10  Each response is subject to all objections as to relevance, materiality, admissibility,
11  and to any and all objections on any ground that would require exclusion of any
12  response if it were introduced in court. All objections and grounds are expressly
13  reserved and may be interposed at the time or trial, hearing, or otherwise,
14  Furthermore, each of the objections contained herein is incorporated by reference as
15  though fully set forth in each response.

16       The following objections and responses are made without prejudice to
17  Responding Party's right to produce at trial, or otherwise, evidence regarding any
18  subsequently discovered information. Responding Party accordingly reserved the
19  right to modify and amend any and all responses herein as research is completed and
20  contentions are made.

21       Nothing contained herein is to be construed as a waiver of any attorney-client
22  privilege, work product doctrine, or any other applicable privilege or doctrine. To
23  the extent any request may be construed as calling for disclosure of information
24  protected from discovery by the attorney-client privilege, the work product doctrine,
25  or any other privilege or protection, a continuing objection to each and every such
26  request is hereby interposed.

27  //

28  //

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE

## OBJECTION TO DEFINITIONS

Responding Party objects to each and every request to the extent Propounding Party attempts to incorporate its "Definitions" in the request for admission on the grounds that such definitions are: (a) internally vague and ambiguous and overbroad and thereby render each request vague, ambiguous, unintelligible and compound; (b) impose on Responding Party an unreasonable burden of comparing each request with such "definitions" and other documents; (c) are calculated to oppress and harass rather than seek useful and relevant information; and (d) are internally inconsistent.

## RESPONSES TO REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that Rampony operated the Gallery.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

Responding Party incorporates in its response to this Request its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request on the grounds that it is vague and ambiguous as to the terms "gallery" and "operates." Responding Party further objects to this Request on the grounds that it is vague and ambiguous as to time. Responding Party further objects to this Request on the grounds that it is overbroad. Subject to and without waiver or limitation of the foregoing objections, Responding Party responds as follows:

Admits.

### REQUEST FOR ADMISSION NO. 2:

Admit that the TCH obtained the Work on consignment from Kfir Moyal.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

Responding Party incorporates in its response to this Request its Preliminary Statement and Objections to Definitions as though fully set forth herein. Responding Party objects to this Request to the extent "the Work" is undefined, thereby rendering this Request unintelligible as phrased. Responding Party further

4

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE

1  objects to this Request on the grounds that it is vague and ambiguous. Responding
2  Party further objects to this Request on the grounds that it calls for legal
3  conclusion.

4  **REQUEST FOR ADMISSION NO. 3:**

5      Admit that the TCH obtained the Work on consignment from KFIR MOYAL
6  ART LLC FDBA KFIR MOYAL ART GALLERY INC.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

8      Responding Party incorporates in its response to this Request its Preliminary
9  Statement and Objections to Definitions as though fully set forth herein.
10  Responding Party objects to this Request to the extent "the Work" is undefined,
11  thereby rendering this Request unintelligible as phrased. Responding Party further
12  objects to this Request on the grounds that it is vague and ambiguous. Responding
13  Party further objects to this Request on the grounds that it calls for legal
14  conclusion.

15  **REQUEST FOR ADMISSION NO. 4:**

16      Admit that the TCH obtained the Work on consignment from KFIR MOYAL
17  ART GALLERY INC.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

19      Responding Party incorporates in its response to this Request its Preliminary
20  Statement and Objections to Definitions as though fully set forth herein. Responding
21  Party objects to this Request on the grounds that it is duplicative. Responding Party
22  objects to this Request to the extent "the Work" is undefined, thereby rendering this
23  Request unintelligible as phrased. Responding Party further objects to this Request
24  on the grounds that it is vague and ambiguous. Responding Party further objects to
25  this Request on the grounds that it calls for legal conclusion.

26  **REQUEST FOR ADMISSION NO. 5:**

27      Admit that Rampony obtained the Work on consignment from Kfir Moyal.

28  //

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

2      Responding Party incorporates in its response to this Request its Preliminary

3  Statement and Objections to Definitions as though fully set forth herein.

4  Responding Party objects to this Request to the extent "the Work" is undefined,

5  thereby rendering this Request unintelligible as phrased. Responding Party further

6  objects to this Request on the grounds that it is vague and ambiguous. Responding

7  Party further objects to this Request on the grounds that it calls for legal conclusion.

8  **REQUEST FOR ADMISSION NO. 6:**

9      Admit that the Rampony obtained the Work on consignment from KFIR

10  MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

12      Responding Party incorporates in its response to this Request its Preliminary

13  Statement and Objections to Definitions as though fully set forth herein.

14  Responding Party objects to this Request to the extent "the Work" is undefined,

15  thereby rendering this Request unintelligible as phrased. Responding Party further

16  objects to this Request on the grounds that it is vague and ambiguous. Responding

17  Party further objects to this Request on the grounds that it calls for legal

18  conclusion.

19  **REQUEST FOR ADMISSION NO. 7:**

20      Admit that the Rampony obtained the Work on consignment from KFIR

21  MOYAL ART GALLERY INC.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

23      Responding Party incorporates in its response to this Request its Preliminary

24  Statement and Objections to Definitions as though fully set forth herein. Responding

25  Party objects to this Request on the grounds that it is duplicative. Responding Party

26  objects to this Request to the extent "the Work" is undefined, thereby rendering this

27  Request unintelligible as phrased. Responding Party further objects to this Request

28

1  on the grounds that it is vague and ambiguous. Responding Party further objects to
2  this Request on the grounds that it calls for legal conclusion.

3  **REQUEST FOR ADMISSION NO. 8:**

4      Admit Rampony still has possession of the Work.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

6      Responding Party incorporates in its response to this Request its Preliminary
7  Statement and Objections to Definitions as though fully set forth herein.
8  Responding Party objects to this Request to the extent "the Work" is undefined,
9  thereby rendering this Request unintelligible as phrased. Responding Party further
10 objects to this Request on the grounds that it is vague and ambiguous as to
11 "possession." Responding Party further objects to this Request on the grounds that
12 it calls for legal conclusion.

13 **REQUEST FOR ADMISSION NO. 9:**

14     Admit that TCH still has possession of the Work.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

16     Responding Party incorporates in its response to this Request its Preliminary
17 Statement and Objections to Definitions as though fully set forth herein.
18 Responding Party objects to this Request to the extent "the Work" is undefined,
19 thereby rendering this Request unintelligible as phrased. Responding Party further
20 objects to this Request on the grounds that it is vague and ambiguous as to
21 "possession." Responding Party further objects to this Request on the grounds that
22 it calls for legal conclusion.

23 **REQUEST FOR ADMISSION NO. 10:**

24     Admit the genuineness of the document Instagram screenshots attached
25 hereto as **Exhibit 1**

26 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:.**

27     Responding Party incorporates in its response to this Request its Preliminary
28 Statement and Objections to Definitions as though fully set forth herein.

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE

1   Responding Party objects to this request to the extent it is vague and ambiguous as
2   to the term "genuineness." Responding Party further objects to this Request on the
3   grounds that it calls for legal conclusion. Responding Party further objects to this
4   Request on the grounds that it seeks information that is neither relevant to any
5   party's claim or defense nor proportional to the needs of the case pursuant to Fed.
6   R. Civ. P. 26(b)(1).
7   **REQUEST FOR ADMISSION NO. 11:**
8        Admit the genuineness of the document URL screenshots attached hereto as
9   **Exhibit 2.**
10  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**
11       Responding Party incorporates in its response to this Request its Preliminary
12  Statement and Objections to Definitions as though fully set forth herein.
13  Responding Party objects to this Request to the extent it is vague and ambiguous
14  as to the term "genuineness." Responding Party further objects to this Request on
15  the grounds that it calls for a legal conclusion. Responding Party further objects to
16  this Request on the grounds that it seeks information that is neither relevant to any
17  party's claim or defense nor proportional to the needs of the case pursuant to Fed.
18  R. Civ. P. 26(b)(1).
19  **REQUEST FOR ADMISSION NO. 12:**
20       Admit that Rampony displayed the Work at the Gallery.
21  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**
22       Responding Party incorporates in its response to this Request its Preliminary
23  Statement and Objections to Definitions as though fully set forth herein.
24  Responding Party objects to this Request to the extent "the Work" is undefined,
25  thereby rendering this Request unintelligible as phrased. Responding Party further
26  objects to this Request on the grounds that it is vague and ambiguous as to the
27  term "displayed." Responding Party further objects to this Request on the grounds
28  that it is vague and ambiguous as to time.

DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF
DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE

1  **REQUEST FOR ADMISSION NO. 13:**

2      Admit that TCH displayed the Work at the Gallery.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

4      Responding Party incorporates in its response to this Request its Preliminary

5  Statement and Objections to Definitions as though fully set forth herein.

6  Responding Party objects to this Request to the extent "the Work" is undefined,

7  thereby rendering this Request unintelligible as phrased. Responding Party further

8  objects to this Request on the grounds that it is vague and ambiguous as to the

9  term "displayed." Responding Party further objects to this Request on the grounds

10 that it is vague and ambiguous as to time.

11

12 Dated: July 13, 2021                    **PESSAH LAW GROUP, PC**

13

14

15                                         By: _____

16                                             Maurice D. Pessah, Esq.
                                               Summer E. Benson, Esq.
17                                             Jason H. Sunshine, Esq.
                                               Attorneys for *Plaintiff*
18                                             Nausicaa Rampony and
19                                             The Cool Heart, LLC

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**
**2:20-cv-01374-CBM-MAA**
*Kirkland v. Rampony, et al.*

2

3       I am employed in the County of Los Angeles, State of California, over the age of 18 and not
a party to the within action. My business address is 661 N. Harper Ave., Suite 208. Los Angeles,
4   CA 90048

5   On July 13, 2021 I served the foregoing document(s) described as:
**SEE ATTACHED**
6   on the interested parties to this action:

Jonah A. Grossbardt,
7   jonah.grossbardt@sriplaw.com
**SRIPLAW**
8   1801 Century Park East
Suite 1100
9   Los Angeles, CA 90067

10  ☒   (BY U.S. MAIL)    I am readily familiar with the business practice for collection and
processing of correspondence for mailing with the United States Postal Service.    This
11      correspondence shall be deposited with the United States Postal Service this same day in the
ordinary course of business at our office's address in Los Angeles, California.  Service made
12      pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the
postal cancellation date of postage meter date on the envelope is more than one day after the
13      date of deposit for mailing contained in this affidavit.

14  ☐   (BY FEDEX OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by
Federal Express, an express service carrier.  I placed true copies of the foregoing document
15      in sealed envelopes or packages designated by the express service carrier, addressed to each
interested party as set forth above, with fees for overnight delivery paid or provided.
16

17  ☐   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices
of the above named addressee(s).

18  ☐   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of
the addressee(s) at the following facsimile number:
19

20  ☐   (BY ELECTRONIC MAIL)  I caused such documents to be delivered via electronic mail to
the above named addressee(s).

21  Executed this 13th of July, 2021 at Los Angeles, California.

22       I declare under penalty of perjury under the laws of the United States of America and the
State of California that the above is true and correct.
23

24                                              _____
25                                                      Volodymyr Usov

26

27

28

PROOF OF SERVICE

**ATTACHED**

1. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**
2. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE**
3. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE**
4. **VERIFICAITON FOR DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE**
5. **NR0001 – NR0005**

PROOF OF SERVICE

**PROOF OF SERVICE**
**2:20-cv-01374-CBM-MAA**
*Kirkland v. Rampony, et al.*

     I am employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action. My business address is 661 N. Harper Ave., Suite 208. Los Angeles, CA 90048

On July 13, 2021 I served the foregoing document(s) described as:
**SEE ATTACHED**
on the interested parties to this action:

Jonah A. Grossbardt,
jonah.grossbardt@sriplaw.com
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067

☒   (BY U.S. MAIL)    I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐   (BY FEDEX OVERNIGHT DELIVERY SERVICE)  I served the foregoing document by Federal Express, an express service carrier. I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided.

☐   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

☐   (BY ELECTRONIC MAIL)  I caused such documents to be delivered via electronic mail to the above named addressee(s).

Executed this 13th of July, 2021 at Los Angeles, California.

     I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

_____
           Volodymyr Usov

---

PROOF OF SERVICE

1

**ATTACHED**

2

1. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**

3

4

2. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE**

5

6

3. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE**

7

4. **VERIFICAITON FOR DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE**

8

9

5. **NR0001 – NR0005**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

**PROOF OF SERVICE**
**2:20-cv-01374-CBM-MAA**
*Kirkland v. Rampony, et al.*

I am employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action. My business address is 661 N. Harper Ave., Suite 208. Los Angeles, CA 90048

On July 13, 2021 I served the foregoing document(s) described as:
**SEE ATTACHED**
on the interested parties to this action:

Jonah A. Grossbardt,
jonah.grossbardt@sriplaw.com
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067

☒   (BY U.S. MAIL)   I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐   (BY FEDEX OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided.

☐   (BY PERSONAL SERVICE)  I caused such envelope to be delivered by hand to the offices of the above named addressee(s).

☐   (BY FACSIMILE)  I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

☐   (BY ELECTRONIC MAIL)  I caused such documents to be delivered via electronic mail to the above named addressee(s).

Executed this 13th of July, 2021 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

_____
Volodymyr Usov

PROOF OF SERVICE

## ATTACHED

1. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**
2. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE**
3. **DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S REQUEST FOR ADMISSIONS, SET ONE**
4. **VERIFICAITON FOR DEFENDANTS' NAUSICAA RAMPONY AND THE COOL HEART, LLC'S RESPONSES TO PLAINTIFF DOUGLAS KIRKLAND'S INTERROGATORIES, SET ONE**
5. **NR0001 – NR0005**

PROOF OF SERVICE