# Exhibit

# 4

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N Harper Ave., Suite 208
Los Angeles, CA 90048
Tel: (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>        Plaintiff,<br><br>        v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFI MOYAL,<br><br>        Defendants. | Case No: 2:20-cv-01374-CBMMAA<br><br>**DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND** |

**PROPOUNDING PARTY:**     Defendant The Cool Heart, LLC

**RESPONDING PARTY:**     Plaintiff Douglas Kirkland

**SET NO.:**     One (1)

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE COOL HEART, LLC ("Defendant" or "TCH") hereby requests that Plaintiff DOUGLAS KIRKLAND ("Plaintiff" or "Kirkland") answer the following Interrogatories, Set One, in writing and under oath, within thirty (30) days after service pursuant to Federal Rule of Civil Procedure 33.

## DEFINITIONS

1.    "YOU" and "YOUR" shall refer to Douglas Kirkland, named as Plaintiff in the caption of this Action, and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

2.    "RAMPONY," shall refer to Nausicaa Rampony, named as a Defendant in the caption of this Action.

3.    "THE COOL HEART," "TCH," or "THE GALLERY" shall refer to the Cool Heart, LLC, named as a Defendant in the caption of this Action.

4.    "WORK" shall refer to Plaintiff Douglas Kirkland's 1965 photograph of Brigette Bardot entitled "Brigitte Bardot Douglas Kirkland," U.S. Copyright Registration No. VA0002177776 / 2019-07-22.

5.    "MOYAL WORK" shall refer to Defendant Kfir Moyal's allegedly infringing work as identified in the operative complaint.

6.    "TCH WEBSITE" shall refer to the website located at URL https://www.thecoolheart.com.

7.    "MOYAL" shall refer to Kfir Moyal, named as a Defendant in this Action.

8.    "KMAGI" shall refer to Kfir Moyal Art Gallery, Inc., named as a Defendant in this Action

9.     "KMAL" shall refer to Kfir Moyal Art, LLC, named as a Defendant in this Action.

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

10.    "ACTION" shall refer to the lawsuit entitled *Kirkland v. Rampony et al.*, Case 2:20-cv-01374-CBM-MAA in the United States District Court for the Central District of California.

11.    "FLORIDA ACTION" shall refer to the lawsuit entitled *Douglas Kirkland v. Kfir Art Gallery, Inc.,* Case No. 1-190-cv-20293-DPGI (S. D. Fla.) in the United States District Court for the Southern District of Florida.

12.    "FAC" shall refer to the operative complaint in the Action.

13.    "ANSWER" shall refer to Defendants' Answer to Plaintiff's FAC, filed on December 15, 2020.

14.    "CLAIMS" shall refer to all claims or causes of action alleged in the FAC.

15.    "DOCUMENT," "DOCUMENTS," and "WRITING" shall mean any writing, as defined in Federal Rules of Evidence section 1001, and shall include the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information (including emails, and any other computer or electronically stored data, including data used to separate spreadsheets or databases, as well as such spreadsheets and databases themselves), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, numbers, pictures, sounds, symbols, or any combination thereof, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations,

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

16.   "PERSON" means any natural person, a business, a legal or governmental entity, or an association.

17.   "RELATING TO," "RELATES TO" and "REFERS TO" (including other tense forms of those terms) shall mean comprising, considering, constituting, describing, discussing, evidencing, regarding, reflecting, showing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, either directly or indirectly.

18.   "ELECTRONICALLY STORED INFORMATION" shall mean electronic information that is stored in a medium from which it can be retrieved and examined.

19.   "COMPUTER USABLE FORMAT" shall mean the information and/or data requested shall be supplied on a CD. The information and/or data supplied on the disks should not be encrypted or otherwise restricted or proprietarily protected for specific use. The format used should be Microsoft Excel or any other spreadsheet/database program agreed upon by the parties to this action.

20.   "ELECTRONIC STORAGE DEVICES" shall refer to electronic files, contained on magnetic, optical, or other storage media, such as, but not be limited to, personal computers, laptop computers, portable hard drives, flash or "jump" storage drives, and remote "cloud" storage services.

4

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

21.    "TANGIBLE THING" shall mean a physical object that is not a document or electronically stored information.

22.    "IDENTIFY" or "IDENTIFIED": (a) When used in reference to a PERSON, the term "IDENTIFY" shall mean to state the PERSON's full name, present or last known address, telephone number, and when referring to a natural person, the PERSON's present or last known position and place of employment; (b) When used in reference to a DOCUMENT (including any STUDY, POLICY, or CORRESPONDENCE), the term "IDENTIFY" shall mean to state (i) the date of the DOCUMENT, (ii) the type of DOCUMENT, (iii) its general subject matter, (iv) its present location, including the name, address, and telephone number of its present custodian, and (v) all authors, originators, preparers, and/or recipients of the DOCUMENT; (c) When used in reference to a COMMUNICATION (including any POLICY), the term "IDENTIFY" shall mean to state (i) the date of the COMMUNICATION, (ii) the type of COMMUNICATION, (iii) the substance of the COMMUNICATION, (iv) the speaker(s) or originator(s) of the COMMUNICATION, and (v) all listeners, participants, recipients of, or witnesses to the COMMUNICATION; (d) When used in reference to facts or any other item, the term "IDENTIFY" shall mean to state fully all known facts pertaining to the requested information, and to the same degree of detail as when used in reference to a PERSON, DOCUMENT, or COMMUNICATION.

23.    The phrase "DESCRIBE IN DETAIL" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

24.    "STATE" shall mean to set forth all information which supports, refutes, REFERS TO OR RELATE(S) TO in any manner the subject matter of the Interrogatories.

5

25.   "COMMUNICATION,"   "COMMUNICATIONS," "COMMUNICATING," or "COMMUNICATED" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, and shall include any and all: inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, short message service (SMS), instant messages (iMessage), or other forms of communications, including but not limited to both oral and written communications.

26.   "CONTACT INFORMATION" shall include, but not be limited to, phone numbers, e-mail accounts, mailing addresses, social media accounts, facsimile numbers, and online video streaming service accounts, such as "Skype."

27.   "CORRESPONDENCE" or "CORRESPONDENCES" shall mean a DOCUMENT comprising, containing, or consisting of any letter, telegram, notice, message, or other written communication or memorandum, or other record of conversation, meeting, conference, or other oral COMMUNICATION.

28.   "ANY" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

29.   The connectives "AND" & "OR" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

30.   The use of the singular form of any word includes the plural, and vice-versa.

## INSTRUCTIONS

31.   YOU are required to produce all DOCUMENTS requested that are within YOUR possession, custody or control, or in the possession, custody or

6

control of YOUR representatives, attorneys, agents and/or other persons acting or purporting to act on YOUR behalf, including any predecessors or successors.

32.    The DOCUMENTS shall be produced as they are kept in the usual course of business. Or shall be organized and labeled to correspond to the number of this request to which they are responsive. If the DOCUMENT is responsive to more than one number of this request, it shall be labeled so as to indicate each request to which it is responsive.

33.    If YOU maintain that any DOCUMENT which is requested is protected from disclosure by any privilege, including the attorney-client privilege or the work-product doctrine, then a privilege log shall be produced with specifies the following: (a) Which privilege is claimed; (b) precise statement of the facts upon which said claim of privilege is based; (c) The following information describing each purportedly privileged DOCUMENT: (i) The date of the DOCUMENT; (ii) The date the DOCUMENT was received; (iii) The date the DOCUMENT was sent;  (iv) The date the DOCUMENT was prepared; (v) The identity of the PERSON who prepared it; (vi) The identity of the PERSON who sent the DOCUMENT; (vii) The nature (e.g. letter, report, etc.) of the DOCUMENT; (viii) The subject matter of the DOCUMENT;  (ix) A precise description of the place where each copy of that DOCUMENT is kept, including the title or description of the file in which said DOCUMENT may be found and the location of such file; and (x) The number of the demand(s) for inspection to which the  DOCUMENT is responsive.

34.    In the event that any DOCUMENT called for in any of the requests contained herein has been destroyed, lost, discarded, or otherwise disposed of, any such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information:

(a) The date of disposal;

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

(b) The manner of disposal;

(c) The reason for disposal;

(d) The person authorizing disposal; and

(e) The person disposing of the DOCUMENT.

35. This request shall be deemed continuing so as to require prompt, supplemental production if YOU obtain or create additional DOCUMENTS subsequent to the date hereof.

36. In the event that any DOCUMENT called for in any of the requests herein is withheld from production due to "privilege"- based on attorney-client interactions or otherwise- or confidential nature, then any DOCUMENT so withheld shall be identified, as completely as possible, including, without limitation, with the following information:

(a) The nature of the alleged privilege that is relied upon to withhold production of the DOCUMENT in question;

(b) The date identified on such DOCUMENT, if any;

(c) The author of the DOCUMENT;

(d) Any PERSON privy to the document; and

(e) Any other information that would assist a trial court judge or discovery referee in determining whether the alleged privileged or confidence relied upon to withhold production of the subject DOCUMENT is legally applicable.

//

//

//

//

//

//

8

## SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Please provide the name(s), residence and business address and occupation of the PERSON(s) answering these Interrogatories.

**INTERROGATORY NO. 2:**

Please STATE the name, address, telephone number, place of employment and job title of any PERSON who has, claims to have or whom YOU believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this ACTION, or any fact underlying the subject matter of this ACTION.

**INTERROGATORY NO. 3:**

To the extent not listed in YOUR response to Interrogatory No. 2, please provide the name, address, telephone number, place of employment and job title of any PERSON who has, claims to have or whom you believe may have knowledge or information pertaining to any defense, affirmative defense, and/or counterclaim now or hereafter asserted in this ACTION.

**INTERROGATORY NO. 4:**

For each Request for Admission that YOU do not provide an unqualified admission in response to, IDENTIFY all DOCUMENTS supporting YOUR response to the Request for Admission.

**INTERROGATORY NO. 5:**

STATE the basis for YOUR contention, as alleged in Paragraph 9 of the FAC, that TCH copied the WORK from the internet "in order to advertise, market and promote [its] business activities."

//
//
//
//

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

1  **INTERROGATORY NO. 6:**

2      IDENTIFY all DOCUMENTS supporting YOUR contention, as alleged in

3  Paragraph 9 of the FAC, that TCH copied the WORK from the internet "in order to

4  advertise, market and promote [its] business activities."

5  **INTERROGATORY NO. 7:**

6      IDENTIFY all PERSONS with knowledge supporting YOUR contention, as

7  alleged in Paragraph 9 of the FAC, that TCH copied the WORK from the internet

8  "in order to advertise, market and promote [its] business activities."

9  **INTERROGATORY NO. 8:**

10     STATE the basis for your contention, as alleged in Paragraph 32 of the FAC,

11 that "[TCH] knew or should have known that [its] use of the Work constitutes

12 infringement."

13 **INTERROGATORY NO. 9:**

14     IDENTIFY all DOCUMENTS supporting YOUR contention, as alleged in

15 Paragraph 32 of the FAC, that "[TCH] knew or should have known that [its] use of

16 the Work constitutes infringement."

17 **INTERROGATORY NO. 10:**

18     IDENTIFY all PERSONS with knowledge supporting YOUR contention, as

19 alleged in Paragraph 32 of the FAC, that "[TCH] knew or should have known that

20 [its] use of the Work constitutes infringement."

21 **INTERROGATORY NO. 11:**

22     STATE the basis for YOUR contention, as alleged in Paragraph 33 of the

23 FAC, that "[TCH] copied and distributed Kirkland's copyrighted Work in

24 connection in connection with [TCH's] business for purposes of advertising and

25 promoting [TCH's] business, and in the course and scope of advertising and selling

26 products and services."

27 //

28 //

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO
PLAINTIFF DOUGLAS KIRKLAND

**INTERROGATORY NO.12:**

IDENTIFY all DOCUMENTS that support YOUR as alleged in Paragraph 33 of the FAC, that "[TCH] copied and distributed Kirkland's copyrighted Work in connection in connection with [TCH's] business for purposes of advertising and promoting [TCH's] business, and in the course and scope of advertising and selling products and services."

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS with knowledge supporting YOUR contention, YOUR as alleged in Paragraph 33 of the FAC, that "[TCH] copied and distributed Kirkland's copyrighted Work in connection in connection with [TCH's] business for purposes of advertising and promoting [TCH's] business, and in the course and scope of advertising and selling products and services."

**INTERROGATORY NO.14:**

STATE the basis for YOUR contention, as alleged in Paragraph 41 of the FAC, that TCH's acts were "willful."

**INTERROGATORY NO. 15:**

IDENTIFY all DOCUMENTS supporting your contention, as alleged in Paragraph 41 of the FAC, that TCH's acts were "willful."

**INTERROGATORY NO. 16:**

IDENTIFY all PERSONS with knowledge supporting your contention, as alleged in Paragraph 41 of the FAC, that TCH's acts were "willful."

**INTERROGATORY NO. 17:**

STATE the basis for YOUR contention, as alleged in Paragraph 41 of the FAC, that "Kirkland has been damaged."

11

**INTERROGATORY NO. 18:**

IDENTIFY all DOCUMENTS supporting YOUR contention, as alleged in Paragraph 41 of the FAC, that "Kirkland has been damaged."

**INTERROGATORY NO. 19:**

IDENTIFY all PERSONS with knowledge supporting YOUR contention, as alleged in Paragraph 41 of the FAC, that "Kirkland has been damaged."

**INTERROGATORY NO. 20:**

STATE the amount of any damages that YOU claim to have suffered as a result of the TCH's alleged acts and how YOU computed or calculated that amount.


Dated:  September 1, 2021                    **PESSAH LAW GROUP, PC**


By: _____

Maurice D. Pessah, Esq.
Summer E. Benson, Esq.
Jason H. Sunshine, Esq.
Attorneys for Defendants
Nausicaa Rampony and
The Cool Heart, LLC

DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N Harper Ave., Suite 208
Los Angeles, CA  90048
Tel: (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFI MOYAL,<br><br>        Defendants. | Case No:  2:20-cv-01374-CBMMAA<br><br><br>**DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND** |

**PROPOUNDING PARTY:**      Defendant The Cool Heart, LLC

**RESPONDING PARTY:**       Plaintiff Douglas Kirkland

**SET NO.:**               One (1)

DEFENDANT THE COOL HEART'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

In accordance with Federal Rules of Civil Procedure Rules 26 and 34, Defendant The Cool Heart, LLC ("Defendant") hereby requests that Plaintiff Douglas Kirkland ("Plaintiff") produce for inspection and copying the documents or other tangible things described below that are in Plaintiff's possession, custody, or control. The production, inspection, and copying of such documents or other tangible things shall take place thirty (30) days after service of these Requests at the law offices of Pessah Law Group, 661 North Harper Ave., Ste 208, Los Angeles, CA 90048.

## **DEFINITIONS**

1.      "YOU" and "YOUR" shall refer to Douglas Kirkland, named as Plaintiff in the caption of this Action, and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

2.      "RAMPONY," shall refer to Nausicaa Rampony, named as a Defendant in the caption of this Action.

3.      "THE COOL HEART," "TCH," or "THE GALLERY" shall refer to the Cool Heart, LLC, named as a Defendant in the caption of this Action.

4.      "WORK" shall refer to Plaintiff Douglas Kirkland's 1965 photograph of Brigette Bardot entitled "Brigitte Bardot Douglas Kirkland," U.S. Copyright Registration No. VA0002177776 / 2019-07-22.

5.      "MOYAL WORK" shall refer to Defendant Kfir Moyal's allegedly infringing work as identified in the operative complaint.

6.      "TCH WEBSITE" shall refer to the website located at URL https://www.thecoolheart.com.

7.      "MOYAL" shall refer to Kfir Moyal, named as a Defendant in this Action.

8.      "KMAGI" shall refer to Kfir Moyal Art Gallery, Inc., named as a Defendant in this Action

9.     "KMAL" shall refer to Kfir Moyal Art, LLC, named as a Defendant in this Action.

10.    "ACTION" shall refer to the lawsuit entitled *Kirkland v. Rampony et al.*, Case 2:20-cv-01374-CBM-MAA in the United States District Court for the Central District of California.

11.    "FLORIDA ACTION" shall refer to the lawsuit entitled *Douglas Kirkland v. Kfir Art Gallery, Inc.,* Case No. 1-190-cv-20293-DPGI (S. D. Fla.) in the United States District Court for the Southern District of Florida.

12.    "FAC" shall refer to the operative complaint in the Action.

13.    "ANSWER" shall refer to Defendants' Answer to Plaintiff's FAC, filed on December 15, 2020.

14.    "CLAIMS" shall refer to all claims or causes of action alleged in the FAC.

15.    "DOCUMENT," "DOCUMENTS," and "WRITING" shall mean any writing, as defined in Federal Rules of Evidence section 1001, and shall include the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information (including emails, and any other computer or electronically stored data, including data used to separate spreadsheets or databases, as well as such spreadsheets and databases themselves), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, numbers, pictures, sounds, symbols, or any combination thereof, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts;

DEFENDANT THE COOL HEART'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

16.    "PERSON" means any natural person, a business, a legal or governmental entity, or an association.

17.    "RELATING TO," "RELATES TO" and "REFERS TO" (including other tense forms of those terms) shall mean comprising, considering, constituting, describing, discussing, evidencing, regarding, reflecting, showing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, either directly or indirectly.

18.    "ELECTRONICALLY STORED INFORMATION" shall mean electronic information that is stored in a medium from which it can be retrieved and examined.

19.    "COMPUTER USABLE FORMAT" shall mean the information and/or data requested shall be supplied on a CD. The information and/or data supplied on the disks should not be encrypted or otherwise restricted or proprietarily protected for specific use. The format used should be Microsoft Excel or any other spreadsheet/database program agreed upon by the parties to this action.

20.    "ELECTRONIC STORAGE DEVICES" shall refer to electronic files, contained on magnetic, optical, or other storage media, such as, but not be limited

to, personal computers, laptop computers, portable hard drives, flash or "jump" storage drives, and remote "cloud" storage services.

21.    "TANGIBLE THING" shall mean a physical object that is not a document or electronically stored information.

22.    "COMMUNICATION,"                    "COMMUNICATIONS," "COMMUNICATING," or "COMMUNICATED" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, and shall include any and all: inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, short message service (SMS), instant messages (iMessage), or other forms of communications, including but not limited to both oral and written communications.

23.    "CONTACT INFORMATION" shall include, but not be limited to, phone numbers, e-mail accounts, mailing addresses, social media accounts, facsimile numbers, and online video streaming service accounts, such as "Skype."

24.    "CORRESPONDENCE" or "CORRESPONDENCES" shall mean a DOCUMENT comprising, containing, or consisting of any letter, telegram, notice, message, or other written communication or memorandum, or other record of conversation, meeting, conference, or other oral COMMUNICATION.

25.    "ANY" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

26.    The connectives "AND" & "OR" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

27.    The use of the singular form of any word includes the plural, and vice-versa.

DEFENDANT THE COOL HEART'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

# **INSTRUCTIONS**

28.   YOU are required to produce all DOCUMENTS requested that are within YOUR possession, custody or control, or in the possession, custody or control of YOUR representatives, attorneys, agents and/or other persons acting or purporting to act on YOUR behalf, including any predecessors or successors.

29.   The DOCUMENTS shall be produced as they are kept in the usual course of business. Or shall be organized and labeled to correspond to the number of this request to which they are responsive. If the DOCUMENT is responsive to more than one number of this request, it shall be labeled so as to indicate each request to which it is responsive.

30.   If YOU maintain that any DOCUMENT which is requested is protected from disclosure by any privilege, including the attorney-client privilege or the work-product doctrine, then a privilege log shall be produced with specifies the following: (a) Which privilege is claimed; (b) precise statement of the facts upon which said claim of privilege is based; (c) The following information describing each purportedly privileged DOCUMENT: (i) The date of the DOCUMENT; (ii) The date the DOCUMENT was received; (iii) The date the DOCUMENT was sent;  (iv) The date the DOCUMENT was prepared; (v) The identity of the PERSON who prepared it; (vi) The identity of the PERSON who sent the DOCUMENT; (vii) The nature (e.g. letter, report, etc.) of the DOCUMENT; (viii) The subject matter of the DOCUMENT;  (ix) A precise description of the place where each copy of that DOCUMENT is kept, including the title or description of the file in which said DOCUMENT may be found and the location of such file; and (x) The number of the demand(s) for inspection to which the  DOCUMENT is responsive.

31.   In the event that any DOCUMENT called for in any of the requests contained herein has been destroyed, lost, discarded, or otherwise disposed of, any

DEFENDANT THE COOL HEART'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information:

      (a) The date of disposal;

      (b) The manner of disposal;

      (c) The reason for disposal;

      (d) The person authorizing disposal; and

      (e) The person disposing of the DOCUMENT.

32.   This request shall be deemed continuing so as to require prompt, supplemental production if YOU obtain or create additional DOCUMENTS subsequent to the date hereof.

33.   In the event that any DOCUMENT called for in any of the requests herein is withheld from production due to "privilege"- based on attorney-client interactions or otherwise- or confidential nature, then any DOCUMENT so withheld shall be identified, as completely as possible, including, without limitation, with the following information:

      (a)   The nature of the alleged privilege that is relied upon to withhold production of the DOCUMENT in question;

      (b)   The date identified on such DOCUMENT, if any;

      (c)   The author of the DOCUMENT;

      (d)   Any PERSON privy to the document; and

      (e)   Any other information that would assist a trial court judge or discovery referee in determining whether the alleged privileged or confidence relied upon to withhold production of the subject DOCUMENT is legally applicable.

## REQUESTS FOR INSPECTION AND PRODUCTION

**REQUEST FOR PRODUCTION 1**

Any and all DOCUMENTS identified in YOUR initial disclosures made pursuant to Fed. R. Civ. P. Rule 26(a).

**REQUEST FOR PRODUCTION 2:**

Any and all DOCUMENTS evidencing or otherwise RELATING TO TCH'S alleged infringement of the WORK.

**REQUEST FOR PRODUCTION 3:**

Any and all DOCUMENTS which show, concern, evidence or otherwise RELATE TO YOUR contention that TCH "knew or should have known that [her] use of the Work constitutes infringement" as alleged in Paragraph 32 of the FAC.

**REQUEST FOR PRODUCTION 4:**

Any and all DOCUMENTS which show, concern, evidence or otherwise RELATE TO YOUR contention that TCH'S acts were "willful" as alleged in Paragraph 41 of the FAC.

**REQUEST FOR PRODUCTION 5:**

Any and all COMMUNICATIONS between YOU and TCH RELATING TO the WORK.

**REQUEST FOR PRODUCTION 6:**

Any and all DOCUMENTS which show, concern, evidence or otherwise RELATE TO the amount and calculation of damages that YOU are claiming in this ACTION.

**REQUEST FOR PRODUCTION 7:**

Any and all DOCUMENTS that YOU IDENTIFY in response to TCH'S First Set of Special Interrogatories, served concurrently herewith.

**REQUEST FOR PRODUCTION 8:**

      For each response to TCH'S First Set of Requests for Admission, served concurrently herewith, that is not an unqualified admission, produce any and all DOCUMENTS that support the facts upon which YOU base YOUR response.

Dated: September 1, 2021               **PESSAH LAW GROUP, PC**

By: _____

Maurice D. Pessah, Esq.

Summer E. Benson, Esq.

Jason H. Sunshine, Esq.

Attorneys for *Plaintiff*

The Cool Heart, LLC

DEFENDANT THE COOL HEART'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

MAURICE D. PESSAH (SBN: 275955)
maurice@pessahgroup.com
SUMMER E. BENSON (SBN: 326398)
sbenson@pessahgroup.com
JASON H. SUNSHINE (SBN: 336062)
jsunshine@pessahgroup.com
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>        Plaintiff,<br><br>    v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFI MOYAL,<br><br>        Defendants. | Case No.: 2:20-cv-01374-CBMMAA<br><br>**DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND** |

**PROPOUNDING PARTY:**    Defendant The Cool Heart, LLC

**RESPONDING PARTY:**    Plaintiff Douglas Kirkland

**SET NO.:**    One (1)

DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE)
TO PLAINTIFF DOUGLAS KIRKLAND

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant THE COOL HEART, LLC ("Defendant" or "TCH") hereby requests that Plaintiff DOUGLAS KIRKLAND ("Plaintiff" or "Kirkland") answer the following Requests for Admission, Set One, in writing and under oath, within thirty (30) days after service pursuant to Federal Rule of Civil Procedure 36.

## DEFINITIONS

1.      "YOU" and "YOUR" shall refer to Douglas Kirkland, named as Plaintiff in the caption of this Action, and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

2.      "RAMPONY," shall refer to Nausicaa Rampony, named as a Defendant in the caption of this Action.

3.      "THE COOL HEART," "TCH," or "THE GALLERY" shall refer to the Cool Heart, LLC, named as a Defendant in the caption of this Action.

4.      "WORK" shall refer to Plaintiff Douglas Kirkland's 1965 photograph of Brigette Bardot entitled "Brigitte Bardot Douglas Kirkland," U.S. Copyright Registration No. VA0002177776 / 2019-07-22.

5.      "MOYAL WORK" shall refer to Defendant Kfir Moyal's allegedly infringing work as identified in the operative complaint.

6.      "TCH WEBSITE" shall refer to the website located at URL https://www.thecoolheart.com.

7.      "MOYAL" shall refer to Kfir Moyal, named as a Defendant in this Action.

8.      "KMAGI" shall refer to Kfir Moyal Art Gallery, Inc., named as a Defendant in this Action

9.       "KMAL" shall refer to Kfir Moyal Art, LLC, named as a Defendant in this Action.

DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

10. "ACTION" shall refer to the lawsuit entitled *Kirkland v. Rampony et al.*, Case 2:20-cv-01374-CBM-MAA in the United States District Court for the Central District of California.

11. "FLORIDA ACTION" shall refer to the lawsuit entitled *Douglas Kirkland v. Kfir Art Gallery, Inc.,* Case No. 1-190-cv-20293-DPGI (S. D. Fla.) in the United States District Court for the Southern District of Florida.

12. "FAC" shall refer to the operative complaint in the Action.

13. "ANSWER" shall refer to Defendants' Answer to Plaintiff's FAC, filed on December 15, 2020.

14. "CLAIMS" shall refer to all claims or causes of action alleged in the FAC.

15. "DOCUMENT," "DOCUMENTS," and "WRITING" shall mean any writing, as defined in Federal Rules of Evidence section 1001, and shall include the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information (including emails, and any other computer or electronically stored data, including data used to separate spreadsheets or databases, as well as such spreadsheets and databases themselves), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, numbers, pictures, sounds, symbols, or any combination thereof, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations,

DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

16.   "PERSON" means any natural person, a business, a legal or governmental entity, or an association.

17.   "RELATING TO," "RELATES TO" and "REFERS TO" (including other tense forms of those terms) shall mean comprising, considering, constituting, describing, discussing, evidencing, regarding, reflecting, showing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, either directly or indirectly.

18.   "ELECTRONICALLY STORED INFORMATION" shall mean electronic information that is stored in a medium from which it can be retrieved and examined.

19.   "COMPUTER USABLE FORMAT" shall mean the information and/or data requested shall be supplied on a CD. The information and/or data supplied on the disks should not be encrypted or otherwise restricted or proprietarily protected for specific use. The format used should be Microsoft Excel or any other spreadsheet/database program agreed upon by the parties to this action.

20.   "ELECTRONIC STORAGE DEVICES" shall refer to electronic files, contained on magnetic, optical, or other storage media, such as, but not be limited to, personal computers, laptop computers, portable hard drives, flash or "jump" storage drives, and remote "cloud" storage services.

4

21.    "TANGIBLE THING" shall mean a physical object that is not a document or electronically stored information.

22.    "COMMUNICATION," "COMMUNICATIONS," "COMMUNICATING," or "COMMUNICATED" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, and shall include any and all: inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, short message service (SMS), instant messages (iMessage), or other forms of communications, including but not limited to both oral and written communications.

23.    "CONTACT INFORMATION" shall include, but not be limited to, phone numbers, e-mail accounts, mailing addresses, social media accounts, facsimile numbers, and online video streaming service accounts, such as "Skype."

24.    "CORRESPONDENCE" or "CORRESPONDENCES" shall mean a DOCUMENT comprising, containing, or consisting of any letter, telegram, notice, message, or other written communication or memorandum, or other record of conversation, meeting, conference, or other oral COMMUNICATION.

25.    "ANY" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

26.    The connectives "AND" & "OR" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

27.    The use of the singular form of any word includes the plural, and vice-versa.

//

//

DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU have no DOCUMENTS in YOUR possession custody or control to support YOUR contention that TCH "knew or should have known that [its] use of the Work constitutes infringement" as alleged in Paragraph 32 of the FAC.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU have no DOCUMENTS in YOUR possession, custody or control to support YOUR contention that TCH's acts were "willful" as alleged in Paragraph 41 of the FAC.

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU have no DOCUMENTS in YOUR possession, custody or control to support YOUR contention that TCH sold or otherwise profited from the WORK.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU did not notify TCH of the alleged infringement prior to filing this ACTION.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have not sustained any damages as a result of TCH's alleged infringement of the WORK.

//
//
//
//
//
//
//
//

DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have no DOCUMENTS in YOUR possession, custody or control to support YOUR contention that YOU sustained damages as a result of TCH's alleged infringement of the WORK.

Dated:  September 1, 2021                          **PESSAH LAW GROUP, PC**


By: _____
Maurice D. Pessah, Esq.
Summer E. Benson, Esq.
Jason H. Sunshine, Esq.
Attorneys for Defendants
Nausicaa Rampony and
The Cool Heart, LLC

DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N Harper Ave., Suite 208
Los Angeles, CA  90048
Tel: (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>        Plaintiff,<br><br>        v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFI MOYAL,<br><br>        Defendants. | Case No:  2:20-cv-01374-CBMMAA<br><br><br>**DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND** |

**PROPOUNDING PARTY:**     Defendant Nausicaa Rampony

**RESPONDING PARTY:**     Plaintiff Douglas Kirkland

**SET NO.:**     One (1)

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant NAUSICAA RAMPONY ("Defendant" or "Rampony") hereby requests that Plaintiff DOUGLAS KIRKLAND ("Plaintiff" or "Kirkland") answer the following Interrogatories, Set One, in writing and under oath, within thirty (30) days after service pursuant to Federal Rule of Civil Procedure 33.

## DEFINITIONS

1.      "YOU" and "YOUR" shall refer to Douglas Kirkland, named as Plaintiff in the caption of this Action, and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

2.      "RAMPONY," shall refer to Nausicaa Rampony, named as a Defendant in the caption of this Action.

3.      "THE COOL HEART," "TCH," or "THE GALLERY" shall refer to the Cool Heart, LLC, named as a Defendant in the caption of this Action.

4.      "WORK" shall refer to Plaintiff Douglas Kirkland's 1965 photograph of Brigette Bardot entitled "Brigitte Bardot Douglas Kirkland," U.S. Copyright Registration No. VA0002177776 / 2019-07-22.

5.      "MOYAL WORK" shall refer to Defendant Kfir Moyal's allegedly infringing work as identified in the operative complaint.

6.      "TCH WEBSITE" shall refer to the website located at URL https://www.thecoolheart.com.

7.      "MOYAL" shall refer to Kfir Moyal, named as a Defendant in this Action.

8.      "KMAGI" shall refer to Kfir Moyal Art Gallery, Inc., named as a Defendant in this Action

9.       "KMAL" shall refer to Kfir Moyal Art, LLC, named as a Defendant in this Action.

2

10.   "ACTION" shall refer to the lawsuit entitled *Kirkland v. Rampony et al*., Case 2:20-cv-01374-CBM-MAA in the United States District Court for the Central District of California.

11.   "FLORIDA ACTION" shall refer to the lawsuit entitled *Douglas Kirkland v. Kfir Art Gallery, Inc.,* Case No. 1-190-cv-20293-DPGI (S. D. Fla.) in the United States District Court for the Southern District of Florida.

12.   "FAC" shall refer to the operative complaint in the Action.

13.   "ANSWER" shall refer to Defendants' Answer to Plaintiff's FAC, filed on December 15, 2020.

14.   "CLAIMS" shall refer to all claims or causes of action alleged in the FAC.

15.   "DOCUMENT," "DOCUMENTS," and "WRITING" shall mean any writing, as defined in Federal Rules of Evidence section 1001, and shall include the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information (including emails, and any other computer or electronically stored data, including data used to separate spreadsheets or databases, as well as such spreadsheets and databases themselves), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, numbers, pictures, sounds, symbols, or any combination thereof, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations,

DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

16.   "PERSON" means any natural person, a business, a legal or governmental entity, or an association.

17.   "RELATING TO," "RELATES TO" and "REFERS TO" (including other tense forms of those terms) shall mean comprising, considering, constituting, describing, discussing, evidencing, regarding, reflecting, showing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, either directly or indirectly.

18.   "ELECTRONICALLY STORED INFORMATION" shall mean electronic information that is stored in a medium from which it can be retrieved and examined.

19.   "COMPUTER USABLE FORMAT" shall mean the information and/or data requested shall be supplied on a CD. The information and/or data supplied on the disks should not be encrypted or otherwise restricted or proprietarily protected for specific use. The format used should be Microsoft Excel or any other spreadsheet/database program agreed upon by the parties to this action.

20.   "ELECTRONIC STORAGE DEVICES" shall refer to electronic files, contained on magnetic, optical, or other storage media, such as, but not be limited to, personal computers, laptop computers, portable hard drives, flash or "jump" storage drives, and remote "cloud" storage services.

4

DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

21. "TANGIBLE THING" shall mean a physical object that is not a document or electronically stored information.

22. "IDENTIFY" or "IDENTIFIED": (a) When used in reference to a PERSON, the term "IDENTIFY" shall mean to state the PERSON's full name, present or last known address, telephone number, and when referring to a natural person, the PERSON's present or last known position and place of employment; (b) When used in reference to a DOCUMENT (including any STUDY, POLICY, or CORRESPONDENCE), the term "IDENTIFY" shall mean to state (i) the date of the DOCUMENT, (ii) the type of DOCUMENT, (iii) its general subject matter, (iv) its present location, including the name, address, and telephone number of its present custodian, and (v) all authors, originators, preparers, and/or recipients of the DOCUMENT; (c) When used in reference to a COMMUNICATION (including any POLICY), the term "IDENTIFY" shall mean to state (i) the date of the COMMUNICATION, (ii) the type of COMMUNICATION, (iii) the substance of the COMMUNICATION, (iv) the speaker(s) or originator(s) of the COMMUNICATION, and (v) all listeners, participants, recipients of, or witnesses to the COMMUNICATION; (d) When used in reference to facts or any other item, the term "IDENTIFY" shall mean to state fully all known facts pertaining to the requested information, and to the same degree of detail as when used in reference to a PERSON, DOCUMENT, or COMMUNICATION.

23. The phrase "DESCRIBE IN DETAIL" as used in these interrogatories includes a request for a complete description and explanation of the facts, circumstances, analysis, opinion and other information relating to (as that phrase is defined below) the subject matter of a specific interrogatory.

24. "STATE" shall mean to set forth all information which supports, refutes, REFERS TO OR RELATE(S) TO in any manner the subject matter of the Interrogatories.

DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

25.   "COMMUNICATION,"                     "COMMUNICATIONS," "COMMUNICATING," or "COMMUNICATED" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, and shall include any and all: inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, short message service (SMS), instant messages (iMessage), or other forms of communications, including but not limited to both oral and written communications.

26.   "CONTACT INFORMATION" shall include, but not be limited to, phone numbers, e-mail accounts, mailing addresses, social media accounts, facsimile numbers, and online video streaming service accounts, such as "Skype."

27.   "CORRESPONDENCE" or "CORRESPONDENCES" shall mean a DOCUMENT comprising, containing, or consisting of any letter, telegram, notice, message, or other written communication or memorandum, or other record of conversation, meeting, conference, or other oral COMMUNICATION.

28.   "ANY" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

29.   The connectives "AND" & "OR" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

30.   The use of the singular form of any word includes the plural, and vice-versa.

## INSTRUCTIONS

31.   YOU are required to produce all DOCUMENTS requested that are within YOUR possession, custody or control, or in the possession, custody or

6

control of YOUR representatives, attorneys, agents and/or other persons acting or purporting to act on YOUR behalf, including any predecessors or successors.

32.     The DOCUMENTS shall be produced as they are kept in the usual course of business. Or shall be organized and labeled to correspond to the number of this request to which they are responsive. If the DOCUMENT is responsive to more than one number of this request, it shall be labeled so as to indicate each request to which it is responsive.

33.     If YOU maintain that any DOCUMENT which is requested is protected from disclosure by any privilege, including the attorney-client privilege or the work-product doctrine, then a privilege log shall be produced with specifies the following: (a) Which privilege is claimed; (b) precise statement of the facts upon which said claim of privilege is based; (c) The following information describing each purportedly privileged DOCUMENT: (i) The date of the DOCUMENT; (ii) The date the DOCUMENT was received; (iii) The date the DOCUMENT was sent;  (iv) The date the DOCUMENT was prepared; (v) The identity of the PERSON who prepared it; (vi) The identity of the PERSON who sent the DOCUMENT; (vii) The nature (e.g. letter, report, etc.) of the DOCUMENT; (viii) The subject matter of the DOCUMENT;  (ix) A precise description of the place where each copy of that DOCUMENT is kept, including the title or description of the file in which said DOCUMENT may be found and the location of such file; and (x) The number of the demand(s) for inspection to which the  DOCUMENT is responsive.

34.     In the event that any DOCUMENT called for in any of the requests contained herein has been destroyed, lost, discarded, or otherwise disposed of, any such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information:

(a) The date of disposal;

DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

(b) The manner of disposal;

(c) The reason for disposal;

(d) The person authorizing disposal; and

(e) The person disposing of the DOCUMENT.

35.     This request shall be deemed continuing so as to require prompt, supplemental production if YOU obtain or create additional DOCUMENTS subsequent to the date hereof.

36.     In the event that any DOCUMENT called for in any of the requests herein is withheld from production due to "privilege"- based on attorney-client interactions or otherwise- or confidential nature, then any DOCUMENT so withheld shall be identified, as completely as possible, including, without limitation, with the following information:

(a)   The nature of the alleged privilege that is relied upon to withhold production of the DOCUMENT in question;

(b)   The date identified on such DOCUMENT, if any;

(c)   The author of the DOCUMENT;

(d)   Any PERSON privy to the document; and

(e)   Any other information that would assist a trial court judge or discovery referee in determining whether the alleged privileged or confidence relied upon to withhold production of the subject DOCUMENT is legally applicable.

//
//
//
//
//
//

8

# SPECIAL INTERROGATORIES

**INTERROGATORY NO. 1:**

Please provide the name(s), residence and business address and occupation of the PERSON(s) answering these Interrogatories.

**INTERROGATORY NO. 2:**

Please STATE the name, address, telephone number, place of employment and job title of any PERSON who has, claims to have or whom YOU believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this ACTION, or any fact underlying the subject matter of this ACTION.

**INTERROGATORY NO. 3:**

To the extent not listed in YOUR response to Interrogatory No. 2, please provide the name, address, telephone number, place of employment and job title of any PERSON who has, claims to have or whom you believe may have knowledge or information pertaining to any defense, affirmative defense, and/or counterclaim now or hereafter asserted in this ACTION.

**INTERROGATORY NO. 4:**

For each Request for Admission that YOU do not provide an unqualified admission in response to, IDENTIFY all DOCUMENTS supporting YOUR response to the Request for Admission.

**INTERROGATORY NO. 5:**

IDENTIFY all DOCUMENTS supporting YOUR contention that YOU own the copyright to the WORK.

**INTERROGATORY NO. 6:**

STATE the basis for YOUR contention, as alleged in Paragraph 9 of the FAC, that RAMPONY copied the WORK from the internet "in order to advertise, market and promote [her] business activities."

**INTERROGATORY NO. 7:**

IDENTIFY all DOCUMENTS supporting YOUR contention, as alleged in Paragraph 9 of the FAC, that RAMPONY copied the WORK from the internet "in order to advertise, market and promote [her] business activities."

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS with knowledge supporting YOUR contention, as alleged in Paragraph 9 of the FAC, that RAMPONY copied the WORK from the internet "in order to advertise, market and promote [her] business activities."

**INTERROGATORY NO. 9:**

STATE the basis for your contention, as alleged in Paragraph 32 of the FAC, that "[Rampony] knew or should have known that [her] use of the Work constitutes infringement."

**INTERROGATORY NO. 10:**

IDENTIFY all DOCUMENTS supporting YOUR contention, as alleged in Paragraph 32 of the FAC, that "[Rampony] knew or should have known that [her] use of the Work constitutes infringement."

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS with knowledge supporting YOUR contention, as alleged in Paragraph 32 of the FAC, that "[Rampony] knew or should have known that [her] use of the Work constitutes infringement."

**INTERROGATORY NO. 12:**

STATE the basis for YOUR contention, as alleged in Paragraph 33 of the FAC, that "[Rampony] copied and distributed Kirkland's copyrighted Work in connection in connection with [Rampony's] business for purposes of advertising and promoting [Rampony's] business, and in the course and scope of advertising and selling products and services."

//

//

10

**INTERROGATORY NO.13:**

IDENTIFY all DOCUMENTS that support YOUR as alleged in Paragraph 33 of the FAC, that "[Rampony] copied and distributed Kirkland's copyrighted Work in connection in connection with [Rampony's] business for purposes of advertising and promoting [Rampony's] business, and in the course and scope of advertising and selling products and services."

**INTERROGATORY NO. 14:**

IDENTIFY all PERSONS with knowledge supporting YOUR contention, YOUR as alleged in Paragraph 33 of the FAC, that "[Rampony] copied and distributed Kirkland's copyrighted Work in connection in connection with [Rampony's] business for purposes of advertising and promoting [Rampony's] business, and in the course and scope of advertising and selling products and services."

**INTERROGATORY NO.15:**

STATE the basis for YOUR contention, as alleged in Paragraph 41 of the FAC, that RAMPONY's acts were "willful."

**INTERROGATORY NO. 16:**

IDENTIFY all DOCUMENTS supporting your contention, as alleged in Paragraph 41 of the FAC, that RAMPONY's acts were "willful."

**INTERROGATORY NO. 17:**

IDENTIFY all PERSONS with knowledge supporting your contention, as alleged in Paragraph 41 of the FAC, that RAMPONY's acts were "willful."

**INTERROGATORY NO. 18:**

STATE the basis for YOUR contention, as alleged in Paragraph 41 of the FAC, that "Kirkland has been damaged."

DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO
PLAINTIFF DOUGLAS KIRKLAND

**INTERROGATORY NO. 19:**

IDENTIFY all DOCUMENTS supporting YOUR contention, as alleged in Paragraph 41 of the FAC, that "Kirkland has been damaged."

**INTERROGATORY NO. 20:**

IDENTIFY all PERSONS with knowledge supporting YOUR contention, as alleged in Paragraph 41 of the FAC, that "Kirkland has been damaged."

**INTERROGATORY NO. 21:**

STATE the amount of any damages that YOU claim to have suffered as a result of the RAMPONY's alleged acts and how YOU computed or calculated that amount.


Dated:  September 1, 2021                              **PESSAH LAW GROUP, PC**


By: _____

Maurice D. Pessah, Esq.
Summer E. Benson, Esq.
Jason H. Sunshine, Esq.
Attorneys for Defendants
Nausicaa Rampony and
The Cool Heart, LLC

12

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N Harper Ave., Suite 208
Los Angeles, CA  90048
Tel: (310) 772-2261

Attorneys for Defendants
NAUSICAA RAMPONY and
THE COOL HEART, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>          Plaintiff,<br>          v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFI MOYAL,<br><br>          Defendants. | Case No:  2:20-cv-01374-CBMMAA<br><br><br>**DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND** |

**PROPOUNDING PARTY:**     Defendant Nausicaa Rampony

**RESPONDING PARTY:**     Plaintiff Douglas Kirkland

**SET NO.:**     One (1)

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant NAUSICAA RAMPONY ("Defendant" or "Rampony") hereby requests that Plaintiff DOUGLAS KIRKLAND ("Plaintiff" or "Kirkland") answer the following Requests for Production of Documents and Things, Set One, in writing and under oath, within thirty (30) days after service pursuant to Federal Rule of Civil Procedure 34.

## DEFINITIONS

1.      "YOU" and "YOUR" shall refer to Douglas Kirkland, named as Plaintiff in the caption of this Action, and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

2.      "RAMPONY," shall refer to Nausicaa Rampony, named as a Defendant in the caption of this Action.

3.      "THE COOL HEART," "TCH," or "THE GALLERY" shall refer to the Cool Heart, LLC, named as a Defendant in the caption of this Action.

4.      "WORK" shall refer to Plaintiff Douglas Kirkland's 1965 photograph of Brigette Bardot entitled "Brigitte Bardot Douglas Kirkland," U.S. Copyright Registration No. VA0002177776 / 2019-07-22.

5.      "MOYAL WORK" shall refer to Defendant Kfir Moyal's allegedly infringing work as identified in the operative complaint.

6.      "TCH WEBSITE" shall refer to the website located at URL https://www.thecoolheart.com.

7.      "MOYAL" shall refer to Kfir Moyal, named as a Defendant in this Action.

8.      "KMAGI" shall refer to Kfir Moyal Art Gallery, Inc., named as a Defendant in this Action

9.      "KMAL" shall refer to Kfir Moyal Art, LLC, named as a Defendant in this Action.

10.     "ACTION" shall refer to the lawsuit entitled *Kirkland v. Rampony et al.*, Case 2:20-cv-01374-CBM-MAA in the United States District Court for the Central District of California.

11.     "FLORIDA ACTION" shall refer to the lawsuit entitled *Douglas Kirkland v. Kfir Art Gallery, Inc.,* Case No. 1-190-cv-20293-DPGI (S. D. Fla.) in the United States District Court for the Southern District of Florida.

12.     "FAC" shall refer to the operative complaint in the Action.

13.     "ANSWER" shall refer to Defendants' Answer to Plaintiff's FAC, filed on December 15, 2020.

14.     "CLAIMS" shall refer to all claims or causes of action alleged in the FAC.

15.     "DOCUMENT," "DOCUMENTS," and "WRITING" shall mean any writing, as defined in Federal Rules of Evidence section 1001, and shall include the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information (including emails, and any other computer or electronically stored data, including data used to separate spreadsheets or databases, as well as such spreadsheets and databases themselves), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, numbers, pictures, sounds, symbols, or any combination thereof, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations,

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

16.   "PERSON" means any natural person, a business, a legal or governmental entity, or an association.

17.   "RELATING TO," "RELATES TO" and "REFERS TO" (including other tense forms of those terms) shall mean comprising, considering, constituting, describing, discussing, evidencing, regarding, reflecting, showing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, either directly or indirectly.

18.   "ELECTRONICALLY STORED INFORMATION" shall mean electronic information that is stored in a medium from which it can be retrieved and examined.

19.   "COMPUTER USABLE FORMAT" shall mean the information and/or data requested shall be supplied on a CD. The information and/or data supplied on the disks should not be encrypted or otherwise restricted or proprietarily protected for specific use. The format used should be Microsoft Excel or any other spreadsheet/database program agreed upon by the parties to this action.

20.   "ELECTRONIC STORAGE DEVICES" shall refer to electronic files, contained on magnetic, optical, or other storage media, such as, but not be limited to, personal computers, laptop computers, portable hard drives, flash or "jump" storage drives, and remote "cloud" storage services.

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

21.   "TANGIBLE THING" shall mean a physical object that is not a document or electronically stored information.

22.   "COMMUNICATION,"            "COMMUNICATIONS," "COMMUNICATING," or "COMMUNICATED" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, and shall include any and all: inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, short message service (SMS), instant messages (iMessage), or other forms of communications, including but not limited to both oral and written communications.

23.   "CONTACT INFORMATION" shall include, but not be limited to, phone numbers, e-mail accounts, mailing addresses, social media accounts, facsimile numbers, and online video streaming service accounts, such as "Skype."

24.   "CORRESPONDENCE" or "CORRESPONDENCES" shall mean a DOCUMENT comprising, containing, or consisting of any letter, telegram, notice, message, or other written communication or memorandum, or other record of conversation, meeting, conference, or other oral COMMUNICATION.

25.   "ANY" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

26.   The connectives "AND" & "OR" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

27.   The use of the singular form of any word includes the plural, and vice-versa.

//

//

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

## __INSTRUCTIONS__

28.   YOU are required to produce all DOCUMENTS requested that are within YOUR possession, custody or control, or in the possession, custody or control of YOUR representatives, attorneys, agents and/or other persons acting or purporting to act on YOUR behalf, including any predecessors or successors.

29.   The DOCUMENTS shall be produced as they are kept in the usual course of business. Or shall be organized and labeled to correspond to the number of this request to which they are responsive. If the DOCUMENT is responsive to more than one number of this request, it shall be labeled so as to indicate each request to which it is responsive.

30.   If YOU maintain that any DOCUMENT which is requested is protected from disclosure by any privilege, including the attorney-client privilege or the work-product doctrine, then a privilege log shall be produced with specifies the following: (a) Which privilege is claimed; (b) precise statement of the facts upon which said claim of privilege is based; (c) The following information describing each purportedly privileged DOCUMENT: (i) The date of the DOCUMENT; (ii) The date the DOCUMENT was received; (iii) The date the DOCUMENT was sent;  (iv) The date the DOCUMENT was prepared; (v) The identity of the PERSON who prepared it; (vi) The identity of the PERSON who sent the DOCUMENT; (vii) The nature (e.g. letter, report, etc.) of the DOCUMENT; (viii) The subject matter of the DOCUMENT;  (ix) A precise description of the place where each copy of that DOCUMENT is kept, including the title or description of the file in which said DOCUMENT may be found and the location of such file; and (x) The number of the demand(s) for inspection to which the  DOCUMENT is responsive.

31.   In the event that any DOCUMENT called for in any of the requests contained herein has been destroyed, lost, discarded, or otherwise disposed of, any

6

such DOCUMENT is to be identified as completely as possible, including, without limitation, the following information:

        (a) The date of disposal;

        (b) The manner of disposal;

        (c) The reason for disposal;

        (d) The person authorizing disposal; and

        (e) The person disposing of the DOCUMENT.

32.   This request shall be deemed continuing so as to require prompt, supplemental production if YOU obtain or create additional DOCUMENTS subsequent to the date hereof.

33.   In the event that any DOCUMENT called for in any of the requests herein is withheld from production due to "privilege"- based on attorney-client interactions or otherwise- or confidential nature, then any DOCUMENT so withheld shall be identified, as completely as possible, including, without limitation, with the following information:

    (a)   The nature of the alleged privilege that is relied upon to withhold production of the DOCUMENT in question;

    (b)   The date identified on such DOCUMENT, if any;

    (c)   The author of the DOCUMENT;

    (d)   Any PERSON privy to the document; and

    (e)   Any other information that would assist a trial court judge or discovery referee in determining whether the alleged privileged or confidence relied upon to withhold production of the subject DOCUMENT is legally applicable.

//

//

//

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

# REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION 1**

Any and all DOCUMENTS identified in YOUR initial disclosures made pursuant to Fed. R. Civ. P. Rule 26(a).

**REQUEST FOR PRODUCTION 2:**

Any and all DOCUMENTS evidencing or otherwise RELATING TO RAMPONY's alleged infringement of the WORK.

**REQUEST FOR PRODUCTION 3:**

Any and all DOCUMENTS which show, concern, evidence or otherwise RELATE TO YOUR contention that RAMPONY "knew or should have known that [her] use of the Work constitutes infringement" as alleged in Paragraph 32 of the FAC.

**REQUEST FOR PRODUCTION 4:**

Any and all DOCUMENTS which show, concern, evidence or otherwise RELATE TO YOUR contention that RAMPONY's acts were "willful" as alleged in Paragraph 41 of the FAC.

**REQUEST FOR PRODUCTION 3:**

Any and all COMMUNICATIONS between YOU and MOYAL RELATING TO the WORK.

**REQUEST FOR PRODUCTION 4:**

Any and all COMMUNICATIONS between YOU and RAMPONY RELATING TO the WORK.

**REQUEST FOR PRODUCTION 7:**

Any and all DOCUMENTS which show, concern, evidence or otherwise RELATE TO the amount and calculation of damages that YOU are claiming in this ACTION.

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

**REQUEST FOR PRODUCTION 8:**

Any and all DOCUMENTS that YOU IDENTIFY in response to RAMPONY's First Set of Special Interrogatories, served concurrently herewith.

**REQUEST FOR PRODUCTION 9:**

For each response to RAMPONY's First Set of Requests for Admission, served concurrently herewith, that is not an unqualified admission, produce any and all DOCUMENTS that support the facts upon which YOU base YOUR response.

Dated:  September 1, 2021                    **PESSAH LAW GROUP, PC**

By: _____

Maurice D. Pessah, Esq.
Summer E. Benson, Esq.
Jason H. Sunshine, Esq.
Attorneys for Defendants
Nausicaa Rampony and
The Cool Heart, LLC

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
JASON H. SUNSHINE (SBN: 336062)
*jsunshine@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

Attorneys for Defendant
NAUSICAA RAMPONY and
THE COOL HEART, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS KIRKLAND,<br><br>        Plaintiff,<br><br>        v.<br><br>NAUSICAA RAMPONY, THE COOL HEART, LLC, KFIR MOYAL ART LLC FDBA KFIR MOYAL ART GALLERY INC., KFIR MOYAL ART GALLERY INC., AND KFI MOYAL,<br><br>        Defendants. | Case No.: 2:20-cv-01374-CBMMAA<br><br>**DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND** |

**PROPOUNDING PARTY:**    Defendant Nausicaa Rampony

**RESPONDING PARTY:**    Plaintiff Douglas Kirkland

**SET NO.:**    One (1)

---

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant NAUSICAA RAMPONY ("Defendant" or "Rampony") hereby requests that Plaintiff DOUGLAS KIRKLAND ("Plaintiff" or "Kirkland") answer the following Requests for Admission, Set One, in writing and under oath, within thirty (30) days after service pursuant to Federal Rule of Civil Procedure 36.

## DEFINITIONS

1.      "YOU" and "YOUR" shall refer to Douglas Kirkland, named as Plaintiff in the caption of this Action, and his agents, representatives, attorneys, experts, and other persons acting or purporting to act on his behalf.

2.      "RAMPONY," shall refer to Nausicaa Rampony, named as a Defendant in the caption of this Action.

3.      "THE COOL HEART," "TCH," or "THE GALLERY" shall refer to the Cool Heart, LLC, named as a Defendant in the caption of this Action.

4.      "WORK" shall refer to Plaintiff Douglas Kirkland's 1965 photograph of Brigette Bardot entitled "Brigitte Bardot Douglas Kirkland," U.S. Copyright Registration No. VA0002177776 / 2019-07-22.

5.      "MOYAL WORK" shall refer to Defendant Kfir Moyal's allegedly infringing work as identified in the operative complaint.

6.      "TCH WEBSITE" shall refer to the website located at URL https://www.thecoolheart.com.

7.      "MOYAL" shall refer to Kfir Moyal, named as a Defendant in this Action.

8.      "KMAGI" shall refer to Kfir Moyal Art Gallery, Inc., named as a Defendant in this Action

9.       "KMAL" shall refer to Kfir Moyal Art, LLC, named as a Defendant in this Action.

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE)
TO PLAINTIFF DOUGLAS KIRKLAND

10.    "ACTION" shall refer to the lawsuit entitled *Kirkland v. Rampony et al.*, Case 2:20-cv-01374-CBM-MAA in the United States District Court for the Central District of California.

11.    "FLORIDA ACTION" shall refer to the lawsuit entitled *Douglas Kirkland v. Kfir Art Gallery, Inc.,* Case No. 1-190-cv-20293-DPGI (S. D. Fla.) in the United States District Court for the Southern District of Florida.

12.    "FAC" shall refer to the operative complaint in the Action.

13.    "ANSWER" shall refer to Defendants' Answer to Plaintiff's FAC, filed on December 15, 2020.

14.    "CLAIMS" shall refer to all claims or causes of action alleged in the FAC.

15.    "DOCUMENT," "DOCUMENTS," and "WRITING" shall mean any writing, as defined in Federal Rules of Evidence section 1001, and shall include the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information (including emails, and any other computer or electronically stored data, including data used to separate spreadsheets or databases, as well as such spreadsheets and databases themselves), and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, numbers, pictures, sounds, symbols, or any combination thereof, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations,

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra-office communications; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

16.    "PERSON" means any natural person, a business, a legal or governmental entity, or an association.

17.    "RELATING TO," "RELATES TO" and "REFERS TO" (including other tense forms of those terms) shall mean comprising, considering, constituting, describing, discussing, evidencing, regarding, reflecting, showing, setting forth, studying, analyzing, commenting upon, recommending, alluding to, or mentioning, in whole or in part, either directly or indirectly.

18.    "ELECTRONICALLY STORED INFORMATION" shall mean electronic information that is stored in a medium from which it can be retrieved and examined.

19.    "COMPUTER USABLE FORMAT" shall mean the information and/or data requested shall be supplied on a CD. The information and/or data supplied on the disks should not be encrypted or otherwise restricted or proprietarily protected for specific use. The format used should be Microsoft Excel or any other spreadsheet/database program agreed upon by the parties to this action.

20.    "ELECTRONIC STORAGE DEVICES" shall refer to electronic files, contained on magnetic, optical, or other storage media, such as, but not be limited to, personal computers, laptop computers, portable hard drives, flash or "jump" storage drives, and remote "cloud" storage services.

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

21.   "TANGIBLE THING" shall mean a physical object that is not a document or electronically stored information.

22.   "COMMUNICATION," "COMMUNICATIONS," "COMMUNICATING," or "COMMUNICATED" shall mean the transmittal of information in the form of facts, ideas, inquiries, or otherwise, and shall include any and all: inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, short message service (SMS), instant messages (iMessage), or other forms of communications, including but not limited to both oral and written communications.

23.   "CONTACT INFORMATION" shall include, but not be limited to, phone numbers, e-mail accounts, mailing addresses, social media accounts, facsimile numbers, and online video streaming service accounts, such as "Skype."

24.   "CORRESPONDENCE" or "CORRESPONDENCES" shall mean a DOCUMENT comprising, containing, or consisting of any letter, telegram, notice, message, or other written communication or memorandum, or other record of conversation, meeting, conference, or other oral COMMUNICATION.

25.   "ANY" shall be understood in either its most or its least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

26.   The connectives "AND" & "OR" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

27.   The use of the singular form of any word includes the plural, and vice-versa.

//

//

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

# REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit that YOU have no DOCUMENTS in YOUR possession custody or control to support YOUR contention that RAMPONY "knew or should have known that [her] use of the Work constitutes infringement" as alleged in Paragraph 32 of the FAC.

## REQUEST FOR ADMISSION NO. 2:

Admit that YOU have no DOCUMENTS in YOUR possession, custody or control to support YOUR contention that RAMPONY's acts were "willful" as alleged in Paragraph 41 of the FAC.

## REQUEST FOR ADMISSION NO. 3:

Admit that YOU have no DOCUMENTS in YOUR possession, custody or control to support YOUR contention that RAMPONY sold or otherwise profited from the WORK.

## REQUEST FOR ADMISSION NO. 4:

Admit that YOU did not notify RAMPONY of the alleged infringement prior to filing this ACTION.

## REQUEST FOR ADMISSION NO. 5:

Admit that YOU have not sustained any damages as a result of RAMPONY's alleged infringement of the WORK.

//
//
//
//
//
//

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have no DOCUMENTS in YOUR possession, custody or control to support YOUR contention that YOU sustained damages as a result of RAMPONY's alleged infringement of the WORK.

Dated:  September 1, 2021            **PESSAH LAW GROUP, PC**


By: _____
        Maurice D. Pessah, Esq.
        Summer E. Benson, Esq.
        Jason H. Sunshine, Esq.
        Attorneys for Defendant
        Nausicaa Rampony

DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND

**PROOF OF SERVICE**
**2:20-cv-01374-CBM-MAA**
***Kirkland v. Rampony, et al.***

I am employed in the County of Los Angeles, State of California, over the age of 18 and not a party to the within action. My business address is 661 N. Harper Ave., Suite 208. Los Angeles, CA 90048

On September 1, 2021 I served the foregoing document(s) described as:
**SEE ATTACHED**
on the interested parties to this action:

Jonah A. Grossbardt,
jonah.grossbardt@sriplaw.com
**SRIPLAW**
8730 Wilshire Boulevard
Suite 350
Beverly Hills, California 90211

☐ (BY U.S. MAIL) I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service.  This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our office's address in Los Angeles, California.  Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☐ (BY FEDEX OVERNIGHT DELIVERY SERVICE) I served the foregoing document by Federal Express, an express service carrier.  I placed true copies of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed to each interested party as set forth above, with fees for overnight delivery paid or provided.

☒ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the above-named addressee(s).

☐ (BY FACSIMILE) I caused such documents to be delivered via facsimile to the offices of the addressee(s) at the following facsimile number:

☐ (BY ELECTRONIC MAIL)  I caused such documents to be delivered via electronic mail to the above named addressee(s).

Executed this on the 1st of, September 2021 at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct.

_____
Volodymyr Usov

**<u>ATTACHED</u>**

1. **DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND**
2. **DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND**
3. **DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND**
4. **DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND**
5. **DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR PRODUCTION (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND**
6. **DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES (SET ONE) TO PLAINTIFF DOUGLAS KIRKLAND**