# Exhibit 9

# Jamie Christine James

| | |
|---|---|
| **From:** | Summer Benson <sbenson@pessahgroup.com> |
| **Sent:** | Tuesday, September 21, 2021 10:19 AM |
| **To:** | Jonah Grossbardt |
| **Cc:** | Jason Sunshine; Matthew Rollin; Jamie Christine James; Maurice Pessah; Amanda Clizbe |
| **Subject:** | RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter) |

Counsel,

I am perplexed by your response. At no point in time have I refused to meet and confer on the subject of Defendants' discovery responses. I denounce your attempts to suggest otherwise. Indeed, it is Plaintiff who refuses to meet and confer in accordance with the Local Rules. I remind you that prior to filing any motion relating to discovery, Plaintiff must provide a letter identifying each issue in dispute, the moving party's position (including any supporting legal authority) and the terms of the discovery order sought. *See* Local Rule 37-1. Your recitation of the Federal Rules of Civil Procedures ("FRCP") is inapposite. How are we to have a fruitful discussion absent an understanding of the specific issues in dispute and Plaintiff's position with respect those issues?

As to Plaintiff's FRCP 30(b)(6) Notice of Deposition (the "Notice"), your correspondence is demonstrably false. Regarding your attempt to serve the Notice via email on September 2, 2021, we explicitly stated that there is no electronic service agreement between our firms. Thus, service was improper. On September 9, 2021, your office attempted yet again to serve the Notice via email. We responded in kind stating that there is no electronic service agreement between our firms. Your office acknowledged as such in a subsequent email stating, "the original is being mailed." Thus, to suggest that you have attempted service on at least (3) occasions is both false and misleading. For the sake of clarity, there is no electronic service agreement between our firms. Please proceed accordingly.

Notwithstanding the foregoing, we received the Notice via personal service. Unfortunately, our client is unavailable on September 28, 2021 – a date unilaterally set by your office. I will inquire as to alternative dates of availability.

Best,

_____
Summer E. Benson
**Attorney at Law**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Office.  (310) 772-2261
Direct.  (310) 772-0028
sbenson@pessahgroup.com



\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality: This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding, for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Monday, September 20, 2021 2:03 PM
**To:** Summer Benson <sbenson@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>; Maurice Pessah <maurice@pessahgroup.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Hi Summer,

Please see the attached letter regarding the 30(b)(6) deposition.

In response to your Rule 37 objection. The federal rules provide the following:

Rule 34(B)(2) Objections. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Rule 36(a)(6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

As explained in the email, I don't know what if anything you are withholding. That is the reason for the meet and confer to go over the requests and objections. Please let me know if you are refusing to meet and confer.

Best,

Jonah

**From:** Summer Benson <sbenson@pessahgroup.com>
**Sent:** Monday, September 20, 2021 11:08 AM
**To:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>; Maurice Pessah <maurice@pessahgroup.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

As Mr. Pessah previously indicated, we cannot unilaterally decide to extend the scheduling order. That authority lies solely with the Court. We maintain our position that Plaintiff's predicament is of its own doing and Plaintiff bears the burden of demonstrating that the requested relief is warranted.

Regarding your attempt to meet and confer, we note that your email correspondence of September 15, 2021, is wholly insufficient. Local Rule ("LR") 37-1 states, in relevant part:

> The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

Notwithstanding the fact that you waited **more than two (2) months** to meet and confer, your correspondence fails to properly identify those requests in dispute, the basis for any objection thereto (including supporting legal authority), and the terms of the discovery order to be sought.

As to Plaintiff's FRCP 30(b)(6) Notice of Deposition, we have not yet been served.

Best,

_____
Summer E. Benson
**Attorney at Law**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Office.   (310) 772-2261
Direct.   (310) 772-0028
sbenson@pessahgroup.com



----------------------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

Confidentiality: This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding, for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

---

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Wednesday, September 15, 2021 4:35 PM
**To:** Maurice Pessah <maurice@pessahgroup.com>; Summer Benson <sbenson@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

I have not heard back on this email requesting a continuance on discovery cutoff date and have not received a response to Plaintiff's settlement demand.

The magistrate judge requires two meet and confers and informal telephonic discovery conference before entertaining a motion to compel. This will serve as our first request to meet and confer on the discovery responses we received from Ms. Rampony and The Cool Heart, LLC.

I have reviewed your document and interrogatory responses and the responses and they all say:
"Discovery is continuing and Responding Party reserves the right to amend or supplement this response based on the results of such discovery, further investigation, and legal research and analysis should these efforts supply additional facts, add meaning to known facts, or establish entirely new factual and legal contentions, all of which may lead to substantial additions to, changes in and variations from the present form of this response."

Please let us know if you are still relying on this statement for all of your responses to the request for production and interrogatories.

The following responses to document requests Nos. 1, 2, 4, 12, 14 for production say:

"After an inspection and reasonable inquiry, Responding Party will produce all non-privileged documents, if any, in its possession, custody and control that are responsive to this Request."

Have you provided all the documents responsive to these requests?

All the responses to the document requests contain various objections. Are Ms. Rampony and the Cool Heart, LLC withholding any documents based on these objections and will they agree to withdraw the objections and state affirmatively they have no additional documents responsive to the requests.

Ms. Rampony and The Cool Heart objected to the following RFA Nos. 2, 3, 4, 5, 7, 9, 10, 11, 12 and 13 and did not answer them based on the objections. We would like to meet and confer on these RFA responses as well.

Also, please confirm Ms. Rampony's deposition for September 28, 2021 and let us know when you are available to meet and confer on these issues on either September 17, 20 or 21.

Best,

Jonah

---

**From:** Jonah Grossbardt
**Sent:** Friday, September 10, 2021 5:07 PM
**To:** Maurice Pessah <maurice@pessahgroup.com>; Summer Benson <sbenson@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

To be clear you can always continue the discovery cutoff date. I have done it numerous times. I have also continued trial dates and various other dates in the scheduling order. All you need to do is have the parties agree to the extension and file a stipulation and the Court normally grants the continuance.

I was attempting to take the pressure off this situation and work through the limited discovery issues that still exists and asked for a professional courtesy based on the fact that I gave your client numerous courtesies, and you served your clients' discovery responses on the wrong address. You never responded to my letter asking to meet and confer about the extension that I sent last week. Please let me know if you do not agree to a meet and confer and I will proceed in filing a motion with the Court.

The number of lawyers at this firm is irrelevant and we only have two lawyers that practice out of the Los Angeles office.

Mr. Kirkland will be available for trial and is not available this month for a deposition.

The settlement demand is not exorbitant based on the facts of the case and the amount of time and effort we have put in prosecuting this action.

Best,

Jonah

**From:** Maurice Pessah <maurice@pessahgroup.com>
**Sent:** Thursday, September 9, 2021 6:11 PM
**To:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>; Summer Benson <sbenson@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

The scheduling order, and attendant discovery cutoff, is set by the Court. We cannot decide to extend said schedule. Plaintiff has the burden of proof, and it was Plaintiff's responsibility to conduct a diligent and timely discovery campaign so as to allow for an efficient adjudication on the merits. Plaintiff's predicament is of its own doing.

Regarding scheduling conflicts, I too am Jewish (orthodox) and observe the holidays (strictly). Nevertheless, when I accept to take on a case, I account for my obligations. You should do the same. Unlike your law firm, which employs **10 (ten) lawyers**, we are a firm of only 4 (four). Yet, we have managed to schedule accordingly so we can meet the demands of this case. You, apparently, have not done that, despite your role as Plaintiff's counsel.

Please answer my question regarding Plaintiff's deposition and availability for trial. I will respond to your exorbitant settlement demand under separate cover.

_____

Maurice D. Pessah
**Attorney at Law**
**\*PLEASE NOTE OUR NEW ADDRESS**
661 N. Harper Ave., Suite 208
West Hollywood, CA  90048

Direct.   (310) 772-2261
Mobile.  (310) 500-8221
maurice@pessahgroup.com



---------------------------------------------------------

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Confidentiality:** This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding,for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Thursday, September 9, 2021 6:03 PM
**To:** Maurice Pessah <maurice@pessahgroup.com>; Summer Benson <sbenson@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

I haven't gotten a response to either of my letters. Are you planning on responding to the letters?

Best,

Jonah

---

**From:** Maurice Pessah <maurice@pessahgroup.com>
**Sent:** Thursday, September 9, 2021 5:59 PM
**To:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>; Summer Benson <sbenson@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

We first requested dates for Plaintiff's deposition one week ago. When did you first learn that Plaintiff wasn't available for the entire month of September? Is your client going to be available to appear at trial?

_____

Maurice D. Pessah
**Attorney at Law**
**\*PLEASE NOTE OUR NEW ADDRESS**
661 N. Harper Ave., Suite 208
West Hollywood, CA  90048

Direct.   (310) 772-2261
Mobile.  (310) 500-8221
maurice@pessahgroup.com



---------------------------------------------------------

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Confidentiality:** This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding,for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

---

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Thursday, September 9, 2021 5:57 PM
**To:** Summer Benson <sbenson@pessahgroup.com>; Maurice Pessah <maurice@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Hi Summer,

He is not available this month.

Best,

Jonah

**From:** Summer Benson <sbenson@pessahgroup.com>
**Sent:** Thursday, September 9, 2021 5:56 PM
**To:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>; Maurice Pessah <maurice@pessahgroup.com>
**Cc:** Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

We have yet to receive any dates of availability with respect to Mr. Kirkland's deposition. In the event we do not receive a response by close of business tomorrow, we will be forced to unilaterally notice the deposition.

Best,

_____
Summer E. Benson
**Attorney at Law**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Office.   (310) 772-2261
Direct.   (310) 772-0028
sbenson@pessahgroup.com



---------------------------------------------------------

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Confidentiality:** This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding, for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Thursday, September 2, 2021 7:20 PM
**To:** Maurice Pessah <maurice@pessahgroup.com>
**Cc:** Summer Benson <sbenson@pessahgroup.com>; Jason Sunshine <jsunshine@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** Re: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Hi Maurice,

I will talk to my client about dates. Can we agree on electronic service going forward? I think it would also be helpful if we set up a time to discuss the case. Are you available to discuss the case tomorrow?

Best,

Jonah

> On Sep 2, 2021, at 6:38 PM, Maurice Pessah <maurice@pessahgroup.com> wrote:

7

Counsel,

There is currently no agreement in place between our two firms regarding electronic service. Pursuant to FRCP 5(b)(2)(E), any such agreement must be consented to in writing. Thus, your purported service of the 30(b)(6) deposition notice is defective. Had there been a stipulation for electronic service between our firms, we would not have taken the trouble to serve your office via personal service yesterday.

Regarding settlement, we have never received a demand from your law firm on behalf of Plaintiff. Thus, if you are interested in discussing settlement, please send us a demand under separate cover.

Finally, please provide us with deposition dates for Plaintiff.

_____

Maurice D. Pessah
**Attorney at Law**
*****PLEASE NOTE OUR NEW ADDRESS**
661 N. Harper Ave., Suite 208
West Hollywood, CA  90048

Direct.   (310) 772-2261
Mobile.  (310) 500-8221
maurice@pessahgroup.com

<image002.jpg>

---------------------------------------------------------

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Confidentiality:** This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding,for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Thursday, September 2, 2021 5:53 PM
**To:** Summer Benson <sbenson@pessahgroup.com>; Jason Sunshine <jsunshine@pessahgroup.com>
**Cc:** Maurice Pessah <maurice@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Hi Summer,

Please see the attached 30(b)(6) deposition notice for The Cool Heart. We had previously agreed to e-mail service. Are you agreeable to continue email service?

Also, we conveyed the last offer to Ben Lila. Did he share the negotiation status?

Best,

Jonah

**From:** Summer Benson <sbenson@pessahgroup.com>
**Sent:** Thursday, September 2, 2021 11:42 AM
**To:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>; Jason Sunshine <jsunshine@pessahgroup.com>
**Cc:** Maurice Pessah <maurice@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

I do not yet have a response from our client regarding a stipulation to extend the discovery cut-off date. Regarding settlement, please provide a demand and we will forward to our client for consideration.

Best,

_____
Summer E. Benson
**Attorney at Law**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Office.   (310) 772-2261
Direct.   (310) 772-0028
sbenson@pessahgroup.com
<image003.jpg>
--------------------------------------------------------

**IRS Circular 230 Disclosure:** To ensure compliance with requirements imposed by the IRS, please be advised that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used or relied upon, and cannot be used or relied upon, for the purpose of (i) avoiding penalties under the Internal Revenue Code, or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Confidentiality:** This email (including attachments thereto) may contain confidential material, or privileged and/or attorney work product that is for the sole and exclusive use of its intended recipient(s).  Review, reliance or distribution by others, or forwarding, for any reason without express permission is strictly prohibited. If you are not the intended recipient(s), please contact the sender immediately and delete all copies. Thank you.

**From:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Sent:** Thursday, September 2, 2021 10:30 AM
**To:** jsunshine@pessahgroup.com
**Cc:** Maurice Pessah <maurice@pessahgroup.com>; Summer Benson <sbenson@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>; Jamie Christine James <jamie.james@sriplaw.com>; Matthew Rollin <matthew.rollin@sriplaw.com>
**Subject:** RE: Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)

Counsel,

I am in receipt of the discovery and I called your office yesterday to seek an extension to respond to the discover and to extend the discovery cutoff date. Are you agreeable to extending the discovery cut-off date in this matter? Please let us know so we can prepare a stipulation for your review.

I also think it makes sense to set up a call to discuss the case and see where defendants stand on settlement. What is your availability to have a call later today or tomorrow?

Best,

Jonah

**From:** jsunshine@pessahgroup.com <jsunshine@pessahgroup.com>
**Sent:** Wednesday, September 1, 2021 5:12 PM
**To:** Jonah Grossbardt <jonah.grossbardt@sriplaw.com>
**Cc:** Maurice Pessah <maurice@pessahgroup.com>; Summer Benson <sbenson@pessahgroup.com>; Volodymyr Usov <vusov@pessahgroup.com>
**Subject:** Kirkland v. Rampony, et al. [Case No. 2:20-cv-01374-CBM-MAA] (Discovery Matter)
**Importance:** High

Counsel,

Please find the following courtesy copies attached: (1) DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR ADMISSIONS, SET ONE; (2) DEFENDANT NAUSICAA RAMPONY'S REQUESTS FOR PRODUCTION, SET ONE; (3) DEFENDANT NAUSICAA RAMPONY'S SPECIAL INTERROGATORIES, SET ONE; (4) DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR ADMISSIONS, SET ONE; (5) DEFENDANT THE COOL HEART, LLC'S REQUESTS FOR PRODUCTION, SET ONE; (6)DEFENDANT THE COOL HEART, LLC'S SPECIAL INTERROGATORIES, SET ONE; and, (7) PROOF OF SERVICE.

Best regards,
Jason Sunshine

Links contained in this email have been replaced. If you click on a link in the email above, the link will be analyzed for known threats. If a known threat is found, you will not be able to proceed to the destination. If suspicious content is detected, you will see a warning.